[No. 35549. Department One. August 25, 1960.]

PAUL TELLIER, *Plaintiff*, v. ROBERT A. EDWARDS, *Defendant and Relator*, THE SUPERIOR COURT FOR KING COUNTY, *Donald L. Gaines, Judge, Respondent.*[1]

*Kahin, Carmody & Horswill* (*Pinckney M. Rohrback*, of counsel), for defendant-relator.

[1]Reported in 354 P. (2d) 925.

*McCutcheon, Soderland & Wells* (*Robert C. Wells*, of counsel), for plaintiff-respondent.

MALLERY, J.—This is an original petition for a writ of prohibition. The relator seeks to restrain the trial judge from entertaining further proceedings in the cause and from entering an order denying relator's motion to quash service of process.

On March 10, 1957, the parties to this suit were involved in an automobile accident in Seattle. At that time, the relator was a resident of the state of Washington and subject to service of process in this state until January 16, 1958, when he removed to Los Angeles.

Prior to 1957, RCW 46.64.040 provided that a nonresident by exercising the privilege extended to him of driving upon the state highways thereby appointed the secretary of state "to be his true and lawful attorney upon whom may be served all lawful summons and processes against him growing out of any accident" occurring within the state. By the Laws of 1957, chapter 75, § 1, p. 310, RCW 46.64.040 was amended by the addition of the following provision:

" . . . Likewise each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision or liability and thereafter within three years departs from this state appoints the secretary of state of the state of Washington as his lawful attorney for service of summons as provided in this section for nonresidents. . . ."

It is the contention of the relator that this provision cannot apply to him because it did not become law until June 12, 1957, over two months after the accident.

■■■■■ It is true that a statute ordinarily operates prospectively unless it is remedial in nature or the legislature indicates that it is to operate retrospectively. *In re Wind's Estate,* 32 Wn. (2d) 64, 200 P. (2d) 748. A statute is remedial and has a retroactive application when it relates to practice, *procedure,* or remedies, and does not affect a substantive or vested right. *Nelson v. Department of Labor & Industries,* 9 Wn. (2d) 621, 115 P. (2d) 1014; and cases cited; *Bodine v. Department of Labor & Industries,* 29 Wn. (2d) 879, 190 P.

654

(2d) 89. See, also, 50 Am. Jur., Statutes, 505, § 482; 82 C. J. S., Statutes, 996, § 421. The reason for this rule is that a party does not have a vested right in any particular form of *procedure. White v. Powers*, 89 Wash. 502, 154 Pac. 820. Service of process is a matter of procedure.

▋ The justification for such substituted service upon former residents is the same as that for substituted service upon nonresidents, which has been approved by the United States supreme court in *Hess v. Pawloski*, 274 U. S. 352, 71 L. Ed. 1091, 47 S. Ct. 632. The statutory provision for such *substituted service* is "a valid exercise of the police power based upon the right of the State to regulate the use of its highways for their protection, and the protection of persons and property within the State." *Ogdon v. Gianakos*, 415 Ill. 591, 114 N. E. (2d) 686.

▋ This court has not previously decided whether or not the nonresident substitute service statute is to be construed retrospectively. Other states have made such determinations on factual situations *identical* with the instant case. The authorities are divided. Iowa in *Davis v. Jones*, 247 Ia. 1031, 78 N. W. (2d) 6, applies the statute prospectively only; and Illinois in *Ogdon v. Gianakos, supra,* applies the statute retrospectively. The reasoning expressed in the latter case is more persuasive to us and seems better suited to the ends of justice, and we, accordingly, adopt it.

The petition is dismissed. The writ will not issue.

WEAVER, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.