[No. 42476.   En Banc.   January 4, 1973.]

SEABOARD SURETY COMPANY, *Respondent*, v. RALPH WILLIAMS' NORTHWEST CHRYSLER PLYMOUTH, INC., *et al.*, *Appellants*.

*Jennings P. Felix & Associates*, by *Jennings P. Felix* and *Thomas J. Kraft*, for appellants.

*Lane, Powell, Moss & Miller*, by *William J. Walsh, Jr.* and *Matthew R. Kenney*, for respondent.

ROSELLINI, J.—This is a suit for a declaratory judgment, brought by an insurance company to obtain a judicial determination that it has no duty to defend an injunction suit which the Attorney General has filed against an automobile dealer and associates, referred to herein as the dealer. The

Attorney General's suit seeks to enjoin alleged "unfair methods of competition and unfair or deceptive acts or practices" and to secure a judgment for penalties as provided in the Consumer Protection Act (RCW 19.86), the Unfair Motor Vehicle Business Practices Act (RCW 46.70), and the Retail Installment Act (RCW 63.14).

In the liability policy issued to the dealer by the plaintiff, referred to herein as the insurer, the latter undertook to

> pay on behalf of the Insured all sums which the Insured shall become obligated to pay by reason of the liability imposed upon him by law, or assumed by him under contract as defined herein, as the result of any final judgment for money damages resulting from
>
> . . .
>
> (c) piracy, plagiarism, or unfair competition or idea misappropriation under implied contract . . .

The insurer also undertook to defend any suit "seeking damages for [unfair competition], even if such suit is groundless, false or fraudulent."

The trial court held that the insurer is under no contractual duty to defend the Attorney General's suit against the dealer, and the dealer has appealed.

■■ An issuer of an indemnity policy who reserves the right and assumed the duty to defend lawsuits, is obliged to defend a suit alleging facts which, if proven, would render the insurer liable. *Waite v. Aetna Cas. & Sur. Co.*, 77 Wn.2d 850, 467 P.2d 847 (1970); *Tieton v. General Ins. Co. of America*, 61 Wn.2d 716, 380 P.2d 127 (1963); and *Lawrence v. Northwest Cas. Co.*, 50 Wn.2d 282, 311 P.2d 670 (1957).[1]

---

[1] We have held that, where the complaint alleges more than one cause of action, one or more of which is within the policy coverage and one or more without, the insurer is obligated to defend only those causes which fall within the policy coverage. In such a case a conflict of interest between the insured and the insurer may be involved, and where this occurs, the insurer may properly turn the defense of the case over to the insured, reimbursing him for the defense of that portion of the suit which relates to the covered cause of action. *Waite v. Aetna Cas. & Sur. Co.*, 77 Wn.2d 850, 467 P.2d 847 (1970).

Neither the insurer nor the dealer has recognized the possible

It is the theory of the dealer that the Attorney General's suit is one which seeks damages for unfair competition inasmuch as the prayer for relief asks the court to

> make such additional orders or judgments as may be necessary to restore to any person in interest any monies or property which may have been acquired by means of an act or conduct of [defendants] found to be in violation of RCW 19.86.020.

While the complaint alleges that the acts complained of by the Attorney General constitute "unfair methods of competition," there is no allegation that any competitor has been harmed by those acts. Rather, the complaint is that members of the public who have become customers or potential customers of the dealer have suffered harm; and in some instances, the dealer has gained possession of property of such members of the public and has unlawfully withheld it.

Within the allegations of the complaint, the only property which could be "restored" by an order of the court in the injunction suit would appear to be the property of customers wrongfully withheld. But the dealer insists that the Attorney General may prove that a competitor also has been harmed, and that if he does the court may award damages to the competitor. He maintains that such damages are authorized by RCW 19.86.080, because "restitution" is "damages," giving the latter term its broadest definition.

It does not follow, however, that all kinds of damages can be classed as "restitution," as the dealer would imply. It has cited no authority for the proposition that restitution is an appropriate remedy in an action for unfair competition. The common-law action for "unfair competition" was avail-

---

application of these principles to the situation presented in this case. Both assume that if the insurer is obligated to defend any aspect of the Attorney General's suit, it is obligated to defend the entire suit. Since we have reached the conclusion that the trial court should be affirmed, we do not find it necessary to inquire into the question whether, if a cause of action covered by the policy were alleged, the insurer would be obliged to defend against all the allegations.

able to one whose names, symbols, or devices had been appropriated and used by a competitor, or who had suffered damage by reason of a substitution of goods or wares so as to produce a false impression in the mind of the buying public. *Whole Grain Wheat Distrib. Co. v. Bon Marche,* 154 Wash. 455, 282 P. 914 (1929). The "unfair methods of competition" described in RCW 19.86.020 would appear to embrace a much larger category of acts, and it also would appear that the legislature intended to benefit a much larger group of competitors.

The term "unfair methods of competition" was new to the law when it was employed in the Federal Trade Commission Act, 15 U.S.C. § 45, first enacted in 1914, and has a broader meaning than the common-law "unfair competition." *A.L.A. Schechter Poultry Corp. v. United States,* 295 U.S. 495, 79 L. Ed. 1570, 55 S. Ct. 837, 97 A.L.R. 947 (1935). That act, incidentally, does not authorize suits by private parties but reposes the duty of enforcement in the Federal Trade Commission, which is empowered to issue cease and desist orders.

Insofar as we have been able to ascertain, no comparable act authorizes private suits, and none has been instituted under authority of RCW 19.86, insofar as we know. In any event, none has reached this court.

The dealer has not suggested what the measure of damages should be if a competitor claimed that he had been injured by a violation of this act. We will assume, therefore, that the damages recoverable would be those which could be recovered in a common-law action for "unfair competition." Those damages are described in the Restatement of Torts § 746 (1938). They include lost profits, losses due to reduction in prices occasioned by the competition, harm to reputation, and expenditures reasonably made by the plaintiff to prevent prospective customers from being misled by the defendant's conduct. No mention is made in the Restatement of any remedy involving restitution.[2]

---

[2]There can also, at common law, be an action for unfair competition based upon breach of contract. *See* 5A A. Corbin, *Contracts* §§ 1136 n.6,

We are of the opinion that the trial court correctly held that the dealer is not faced with the prospect of a judgment for damages for unfair competition, not only because the complaint does not allege such damages, but for the additional reason that the statute does not authorize the Attorney General to recover such damages.

The authority of the Attorney General to bring suit for violations of the act is contained in RCW 19.86.080 and 19.86.140. He is authorized to bring injunction actions and actions for penalties. The court is authorized to order restitution, under RCW 19.86.080, only as an incident to the granting of the injunction. That such incidental relief is appropriate in an injunction suit brought by a governmental officer has been recognized by the United States Supreme Court. *See Porter v. Warner Holding Co.*, 328 U.S. 395, 402, 90 L. Ed. 1332, 66 S. Ct. 1086 (1945). In providing for restitution, where the facts developed at the trial of an Attorney General's injunction suit show that such relief is indicated, the legislature simply recognized the equitable principle that such an order may be appropriate and necessary to give full effect to the injunctive relief ordered by the court.

It is true that a court may award damages in lieu of an injunction in a proper case, and it may award damages in addition to an injunction, in order to accord the plaintiff full relief. However, as we read the statutes which authorize the Attorney General's action in this case, the legislature did not contemplate that the courts should inquire into the question of damages in an injunction action by the Attorney General. If the legislature considered that the state might be damaged by the acts complained of, it determined in advance the measure of "damages" insofar as the state was concerned and provided for those damages in the civil penalty section, RCW 19.86.140.[3] It also provided a

1205 n.27, 1210 (1964); 6A A. Corbin, *Contracts* §§ 1385, 1390, 1392, 1393 (1962); 14 S. Williston, *Contracts* § 1637 (3d ed. 1972).

[3]The insurance contract in this case expressly excludes penalties, and there is no contention that the prayer for the imposition of the

remedy for private persons injured in their business or property in RCW 19.86.090. The loss of profits occasioned by "unfair methods of competition," assuming such a loss can be shown, is such an injury.

The fact that separate provisions are made in the statute for injunction actions on behalf of the state, in which no mention is made of damages, and damage actions on the part of persons injured indicates a legislative concern that a speedy remedy should be available to the state. If this is so, there is an obvious reason why the legislature should not have seen fit to provide for the recovery of lost profits in an injunction suit by the Attorney General. In most cases, the fact and extent of such a loss cannot be readily established. *See Sposari v. Matt Malaspina & Co.*, 63 Wn.2d 679, 388 P.2d 970 (1964). The common-law action of unfair competition generally involved only one plaintiff, whereas the statutory offense of "unfair methods of competition" is likely to harm all competitors if it harms any. If one of these is allowed to join in an action by the Attorney General, all are equally entitled, and the amount and complexity of proof involved in the establishment of damages alone would be undoubtedly so great as to render the suit unmanageable.[4]

On the other hand, in a suit such as the Attorney General's, proof that the defendants have acquired possession of and are holding property of a customer unlawfully can be reasonably expected as part of the proof of the allega-

statutory penalties brings the Attorney General's suit within the policy coverage.

[4] A federal court has noticed some of the problems of proof which may complicate an action brought on behalf of the state to enjoin illegal business practices if redress for private wrongs is also afforded. *See United States v. Loew's, Inc.*, 189 F. Supp. 373 (S.D.N.Y. 1960). The federal statute there involved, it should be noted, did not provide even the remedy of restitution as does RCW 19.86.080. Although that decision was vacated and remanded for the devising of a more elaborate injunctive remedy in *United States v. Loew's, Inc.*, 371 U.S. 38, 9 L. Ed. 2d 11, 83 S. Ct. 97 (1962), the Supreme Court did not disturb the lower court ruling that it would not determine claims of private parties for reimbursement, even at the request of the government.

tions of unfair and deceptive acts and practices (which also incidentally might constitute "unfair methods of competition"). Where these facts are shown, the court can order restitution without the necessity of hearing additional evidence. If, in a particular case, an order of restitution could not be entered without the introduction of additional evidence so that the trial would be unduly lengthened or the court unduly burdened, the court has discretion to refuse such an order.

This case reveals the rationality of the manifest legislative intent. Among the practices of the defendants of which the Attorney General complains are these: Obtaining possession of a customer's automobile prior to or during negotiations and then refusing to return it if the negotiations were unsuccessful; failing to account to the original buyers for excess money received in resales of repossessed cars; and failure to refund to customers unearned insurance premiums. In proving each of these allegations, the Attorney General would be expected to show specific instances of such practices; the identity of the automobile or the amount of money unlawfully withheld would be customarily shown as a part of that proof. No further proof would be necessary in order to justify the court in ordering restitution.

But if the Attorney General were to attempt to show that a competitor had been specifically damaged, he would have to prove the fact and the amount of lost profits of that competitor, with the result that the trial would be inevitably complicated and prolonged.

The Attorney General's responsibility in bringing cases of this kind is to protect the public from the kinds of business practices which are prohibited by the statute; it is not to seek redress for private individuals. Where relief is provided for private individuals by way of restitution, it is only incidental to and in aid of the relief asked on behalf of the public.

Since the complaint of the Attorney General does not seek damages for unfair competition, the dealer is not

threatened with a judgment under which he will have to pay such damages. It is not contended that the plaintiff, by its contract of insurance, undertook to defend the defendants against an injunction action, not involving a claim for damages based upon one of the causes of action set forth in the policy.

The dealer suggests that the attorney's fees provided for in RCW 19.86.080 are in the nature of damages. Whether this is a correct characterization we need not decide, inasmuch as they clearly are not damages awarded the state for "unfair competition."

We conclude that the trial court was correct in holding that the insurer is not obliged to defend this suit for injunction, statutory penalties, and incidental relief, there being no allegation in the complaint which brings it within the coverage of the policy.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.