[No. 43338. En Banc. July 17, 1975.]

PAUL W. JOHNSTON et al, *Plaintiffs*, MARK L. KIRKLAND et al, *Appellants*, v. BENEFICIAL MANAGEMENT CORPORATION OF AMERICA et al, *Defendants*, NATIONWIDE FINANCE CORPORATION OF WASHINGTON, *Respondent*.

*Roger M. Leed* and *Steven M. Rosen* (of *Schroeter, Jackson, Goldmark & Bender*), for appellants.

*Thomas G. Holcomb* and *Perkins, Coie, Stone, Olsen & Williams*, by *Theodore J. Collins* and *Douglas S. Little*, for respondent.

ROSELLINI, J.—Several persons joined as plaintiffs in this action, representing various classes of persons who had purchased vacuum cleaners from the defendants National Appliance Company and National Appliance Company, Inc. They named as defendants the sellers of the vacuum cleaners and various finance companies which had purchased the installment contracts under which the vacuum cleaners were sold. The appellant Kirkland intervened in the action when the respondent Nationwide Finance Corporation of Washington, which will be referred to herein as Nationwide, was named as a defendant in an amended complaint filed in August 1973. Kirkland represented the class of purchasers whose contracts had been bought by Nationwide.

According to Kirkland's allegations, he purchased a vacuum cleaner and a membership in a "family buying power" plan on November 11, 1968. He completed his payments in full on November 25, 1970.

Nationwide acquired the Kirkland contract as part of a bulk purchase in July of 1969 and collected the remaining payments until the contract was paid in full. The complaint in intervention filed on behalf of Kirkland was served upon Nationwide on August 17, 1973.

The complaint alleged that both the defendant sellers and the finance companies had violated provisions of the Consumer Protection Act (RCW 19.86.020), the retail installment sales act (RCW 63.14.130 and .180), and the usury statute (RCW 19.52.020).

It was alleged that the sellers, through their representatives, had used high-pressure sales tactics to induce Kirkland to purchase a vacuum cleaner and a membership in the family buying power plan and had grossly misrepresented the value of both the appliance and the plan. There were allegations that the service charge was in excess of the amount allowed under the retail installment sales and the usury statutes. It was alleged that the finance companies knew of the sellers' unlawful practices when they purchased the contracts and that they made a profit from these transactions.

The trial court granted Nationwide's motion for summary judgment, holding that the Consumer Protection Act did not apply to the Kirkland transaction and that the other claims stated in the complaint were barred by the statutes of limitations. The action was allowed to proceed as a class action against the other defendants.

Kirkland appealed directly to this court and we agreed to retain the cause for decision.

The question before the court is whether Kirkland has a cause of action against Nationwide under any of the statutes relied upon in this action.

The Consumer Protection Act as it existed prior to the 1970 amendment of RCW 19.86.090 (Laws of 1970, 1st Ex. Sess., ch. 26, § 2), made no provision for private suits for damages for violations of RCW 19.86.020. As we observed in *Seaboard Sur. Co. v. Ralph Williams' Northwest Chrys-*

*ler Plymouth, Inc.*, 81 Wn.2d 740, 504 P.2d 1139 (1973), the concept of unfair methods of competition was new to the law when it was employed in the Federal Trade Commission Act, 15 U.S.C. § 45, first enacted in 1914, and has a broader meaning than the common-law concept of "unfair competition." The federal act does not authorize private lawsuits but reposes the duty of enforcement in the Federal Trade Commission.

■ Under RCW 19.86.020, unfair methods of competition and unfair acts or deceptive practices in the conduct of any trade or commerce are thereby declared unlawful. Insofar as the court has been made aware, "unfair or deceptive acts or practices," like "unfair methods of competition," is a new concept and has no common-law equivalent. Thus, until the 1970 amendment, there was no statutory or common-law private right of action based upon such acts or practices. Assuming that the acts alleged were "unfair or deceptive acts or practices" within the meaning of the statute, when the Kirkland-National Appliance Company contract was entered into, the statute did not give Kirkland a private remedy.

Kirkland cites *Hockley v. Hargitt*, 82 Wn.2d 337, 510 P.2d 1123 (1973), for the proposition that the Consumer Protection Act, prior to the 1970 amendment, impliedly authorized private damage actions. We held in that case that RCW 19.86.090, as amended in 1970, authorizes a person injured to bring a civil action to enjoin violations as to others, as well as to himself. We were concerned with the construction of the language used in the amended act, and found the authority to enjoin future violations expressed in the act itself. The issue was not whether there was an implied right to sue but whether there was an express right.

The trial court in this action held that the statute was not intended to apply to transactions entered into before its effective date. We agree. RCW 19.86.090 authorizes an award of treble damages. Not only does it create a new cause of action but it also imposes a penalty.

A statute ordinarily operates prospectively unless it is remedial in nature or the legislature indicates that it is to operate retrospectively. A statute is remedial and has a retroactive application when it relates to practice, procedure or remedies and does not affect a substantive or vested right. *Tellier v. Edwards*, 56 Wn.2d 652, 354 P.2d 925 (1960).

In *Earle v. Froedtert Grain & Malting Co.*, 197 Wash. 341, 344, 85 P.2d 264 (1938), we said:

> It is a fundamental rule of statutory construction that a statute is presumed to operate prospectively and ought not to be construed to operate retrospectively in the absence of language clearly indicating such a legislative intent.

This statement was again approved in *Bodine v. Department of Labor & Indus.*, 29 Wn.2d 879, 190 P.2d 89 (1948), where we said that if a statute affects the remedy merely and does not impair vested rights or obligations of contract, it may be given retrospective effect.

RCW 19.86.090 is not merely remedial. It creates a new right of action. It must therefore be presumed that the legislature intended it to apply to future transactions only. Furthermore, it is couched in language expressed in the present and future tenses rather than the past tense[1] and

---

[1] RCW 19.86.090.

"Any person who is injured in his business or property by a violation of RCW 19.86.020, 19.86.030, 19.86.040, 19.86.050, or 19.86.060, or any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, may bring a civil action in the superior court to enjoin further violations, to recover the actual damages sustained by him, or both, together with the costs of the suit, including a reasonable attorney's fee, and the court may in its discretion, increase the award of damages to an amount not to exceed three times the actual damages sustained: *Provided,* That such increased damage award for violation of RCW 19.86.020 may not exceed one thousand dollars. For the purpose of this section "person" shall include the counties, municipalities, and all political subdivisions of this state.

"Whenever the state of Washington is injured by reason of a violation of RCW 19.86.030, 19.86.040, 19.86.050, or 19.86.060, it may sue therefor in the superior court to recover the actual damages sustained by it and to recover the costs of the suit including a reasonable attorney's fee."

we have said that use of the present and future tense manifests an intent that the act should apply prospectively only. *Washington State School Directors Ass'n v. Department of Labor & Indus.*, 82 Wn.2d 367, 510 P.2d 818 (1973).

Kirkland seeks support in the case of *Godfrey v. State*, 84 Wn.2d 959, 530 P.2d 630 (1975), where we held that a statute altering the defense of contributory negligence was intended to apply to pending litigation. We expressly recognized the rule to be that a statute which creates a new liability or imposes a penalty will not be construed to apply retroactively.

It is suggested that the rule applicable to statutes which impose a penalty should not be applied here, because the penalty provided in RCW 19.86.090 is imposed only in the discretion of the trial court. No authority is cited supporting this proposition. Suffice it to say that Kirkland seeks treble damages in this action and thus invokes the penalty provision of the statute. The statute as thus invoked must be construed as one which was not intended to be applied retroactively.

The trial court correctly held that the statute should not be given retroactive effect and consequently did not apply to the contract between Kirkland and National Appliance.

Kirkland insists, however, that the unfair and deceptive acts or practices continued after the effective date of the statute. He asserts that it was unfair and deceitful to accept payments under the contract and to refrain from affirmatively advising him that he was paying a service charge that was higher than that allowed by statute and further advising him that the vacuum cleaner which he received was overpriced.

This court has said that although the statute imposes civil penalties, it is not subject to the strict construction which is ordinarily required where a statute imposing criminal penalties is involved. *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 82 Wn.2d 265, 510 P.2d 233 (1973). In that case it was contended that the statute was unconstitutional because the phrase "unfair or

deceptive acts or practices," as well as other terms used in RCW 19.86.020 and .920, was too vague to meet the requirments of due process. While recognizing that the statute itself does not define the scope of this phrase or provide standards for determining whether particular conduct is prohibited, we held that the words have acquired a well-settled meaning in federal trade regulation law, under federal court decisions, to which reference is made in the act for guidance in determining its meaning. RCW 19.86.920.

Turning to the cases decided under the act, as digested in 15 U.S.C.A. § 45, nn. 64-90, and F.C.A. 15 § 45, §§ 23-29, we find that "unfair or deceptive acts or practices," under the Federal Trade Commission Act, 15 U.S.C. § 45, fall into the following general categories: deceptive or false advertisements, including deceptive pictorial representation in advertisements; selling by means of punchboard or lottery; misrepresentations, including misrepresentations regarding price; and use of deceptive trade names or trademarks.

It will be seen that all of these acts or practices are designed to induce a potential buyer to purchase goods or services. They all involve affirmative acts, even in a case where the deception consists of the failure to disclose a material fact in advertising a product. *See Federal Trade Comm'n v. Colgate-Palmolive Co.*, 380 U.S. 374, 13 L. Ed. 2d 904, 85 S. Ct. 1035 (1965).

The word "acts" connotes action—not inaction. *See* Black's Law Dictionary (4th ed. rev. 1968); *Webster's Third New Int'l Dictionary* (1968). "Practices" is defined in Black's Law Dictionary as "[a] succession of acts of a similar kind or in a like employment." The relevant definitions in *Webster's* also employ words denoting action.

But assuming that, however anomalous the concept appears, there may be circumstances in which a mere failure to take action may amount to an "unfair act or practice" under the act, such an act or practice must still be one which is designed to effect a sale.

As the federal courts have construed these words in their context, and as their ordinary meaning would indicate,

they refer to acts or practices of a defendant which unfairly induce a consumer to buy something. We are cited to no authority holding to the contrary. Under this interpretation, the only alleged acts or practices of the seller in this case which would fall within the definition of "unfair or deceptive acts or practices" were those which were used to persuade Kirkland to purchase the vacuum cleaner and family buying power plan. If Nationwide can be held liable, it must be upon some theory which connects it with those acts and practices, all of which occurred prior to the amendment of the statute.

Kirkland alleged that Nationwide offered to make additional loans to him and that this constituted an unfair act or practice under the statute. Assuming that the solicitation of business, in and of itself, might under some circumstances be an offense under the statute,[2] a plaintiff still must show that he has been damaged in order to maintain a damage action under the statute. Kirkland does not allege that he borrowed additional money from Nationwide or that he was damaged in any manner by the offers made to him.

Since we conclude that the trial court was correct in holding that RCW 19.86.090 did not apply retroactively to the transactions complained of by Kirkland in this action, we need not consider the question whether, in any event, the statutes of limitations would have run upon the claim. *See* RCW 19.86.120.

█ The trial court correctly held that the claims based upon the retail installment sales act and the usury statute were barred by the statutes of limitations provided in those acts. RCW 63.14.152 authorizes a declaratory judgment action to establish the fact that a service charge is excessive. It provides that no such action shall be commenced after 6 months following the date the final payment becomes due, or the date the principal balance is fully paid,

---

[2] RCW 19.86.020 makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." Whether the loaning of money per se comes within the definition of trade or commerce is a question which has not been raised on this appeal.

whichever occurs first. RCW 19.52.032 contains an identical provision. Both of these are special statutes, as compared with RCW 19.86.120, since they deal with the subject of limitations in a more minute and specific manner. Consequently they govern the question. *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973).

Since this action was begun more than 6 months after the final payment became due and after the final payment was made, the claims of Kirkland based upon violations of the retail installment sales act and the usury statute are barred.

 Kirkland insists that, even though he is not entitled to sue under any of the statutes upon which he relies for his claim against Nationwide, he should nevertheless be permitted to maintain the action as a representative of a class. The only class which he can represent, however, is one which does not have a claim under the Consumer Protection Act and whose claims under the retail installment sales act and the usury statute are barred by the statutes of limitations. A party who lacks standing himself cannot represent a class of which he is not a party. *Bailey v. Patterson,* 369 U.S. 31, 7 L. Ed. 2d 512, 82 S. Ct. 549 (1962). *DeFunis v. Odegaard,* 84 Wn.2d 617, 529 P.2d 438 (1974), is in harmony with this principle.

The judgment is affirmed.

FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

HOROWITZ, J. (concurring)—I concur in the majority opinion on the understanding that opinion leaves open the question whether silence when there is a duty to speak is an unfair or deceptive act or practice forbidden by RCW 19.86. The failure to make a duty-required disclosure in effect is a representation of the nonexistence of the matter which is not disclosed. Restatement of Torts §§ 550, 551 (1938). *Boonstra v. Stevens-Norton, Inc.,* 64 Wn.2d 621, 393 P.2d 287 (1964); *Ikeda v. Curtis,* 43 Wn.2d 449, 261 P.2d 684

(1953); *Oates v. Taylor*, 31 Wn.2d 898, 199 P.2d 924 (1948); *Perkins v. Marsh*, 179 Wash. 362, 37 P.2d 689 (1934).

RCW 19.86.920 requires the act to be liberally construed to carry out its beneficial purposes. These include the protection of the public and the fostering of fair and honest competition. When silence amounts to a misrepresentation to induce a sale, such silence may serve to defeat the purposes of the act just as much as would an express misrepresentation of fact. The question now left open should be answered when a case next presents itself involving the issue.

STAFFORD, C.J., and UTTER, J., concur with HOROWITZ, J.

Petition for rehearing denied November 17, 1975.