MEMORANDUM *
Executive Risk Indemnity, Inc., appeals the grant of summary judgment to Virginia Mason Medical Center on its breach of contract claims. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
1. The district court did not err in concluding that the full amount of Virginia Mason’s settlement payment was covered loss under the insurance policy. Executive Risk’s reliance on the ordinary meaning of the term “loss” is misplaced because the insurance policy specifically defines “loss” to include payments made for damages caused by omissions and misleading statements. See Morgan v. Prudential Ins. Co., 86 Wash.2d 432, 545 P.2d 1193, 1195 (1976) (en banc) (“[i]f the policy language is clear and unambiguous, the court may not modify the contract”). The settlement reflected a compromise of asserted damages arising from the plaintiffs’ non-disclosure claim in the underlying action, rather than disgorgement of unlawful gains. The non-disclosure. was alleged to violate the Washington Consumer Protection Act (the “Act”), which provides compensatory damages for harm. See Seaboard Sur. Co. v. Ralph Williams’ Nw. Chrysler Plymouth, Inc., 81 Wash.2d 740, 504 P.2d 1139, 1141-42 (1973) (en banc) (holding that the monetary loss occasioned by unfair methods of competition is an injury for which private parties can seek compensatory damages). This conclusion is further supported by the legality of hospital-based facility fees— which is not challenged by Executive Risk—and the lack of any Washington public policy militating against coverage under the policy. The result, moreover, is consistent with Virginia Mason’s retention of portions of the fees paid by insurance companies and its assertion of viable defenses under the Act.
2. The district court correctly held that the exclusion for “gaining any profit, remuneration or advantage to which [an] insured was not legally entitled” did not apply. Executive Risk argues that coverage is excluded because Virginia Mason merely refunded or wrote-off charges that were billed in violation of the Act. The exclusion does not apply, however, because Virginia Mason did not return something to which it was not entitled. See id. Because the exclusion does not apply, Virginia Mason is entitled to full coverage under Insuring Agreement C, including defense costs and attorneys’ fees.
3. The district court properly awarded Virginia Mason attorneys’ fees for costs incurred in Virginia Mason’s action to compel Executive Risk to assume payments owed under the insurance policy. See Olympic S.S. Co. v. Centennial Ins. Co., 117 Wash.2d 37, 811 P.2d 673, 681 (1991) (en banc) (“[A]n award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract, regardless of whether the insurer’s duty to de *475 fend is at issue.”).[1]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *475 by 9th Cir. R. 36-3.

. We note that Virginia Mason requests attorneys' fees and costs for this appeal. This request must be made by separate motion “supported by a memorandum showing that the party seeking fees is legally entitled to them.” 9th Cir. R. 39-1.6.