IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SEATTLE 420, LLC, dba BELLEVUE MARIJUANA, a Washington limited liability company, | ) ) ) ) | No. 80904-1-I |
| | ) | DIVISION ONE |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) ) | |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, a governmental agency of the State of Washington, | ) ) ) ) | |
| Respondent. | ) ) ) | |

HAZELRIGG, J. — The Washington State Liquor and Cannabis Board (WSLCB) revoked the retail cannabis license of Seattle 420, LLC in July 2018 after issuing a violation to the store as the result of a controlled purchase; its third violation involving minors in a two year period. The retailer sought multiple administrative appeals, contending that the WSLCB lacked authority to engage in its controlled purchase program because it did not engage in rule making surrounding the program. After the superior court affirmed the WSLCB, this court granted review. Seattle 420 renewed its argument first made in the superior court proceedings that Engrossed Substitute Senate Bill (ESSB) 5318[1] is retroactive and would provide less severe penalties such that Seattle 420's license would not have

_____

[1] 66th Leg., Reg. Sess. (Wash. 2019).

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

been cancelled after the third violation. ESSB 5318 is not retroactive and the superior court did not err in upholding the determination of the WSLCB. For these reasons, we affirm.

FACTS

In July 2018, two enforcement officers from the Washington State Liquor and Cannabis Board (WSLCB) conducted a compliance check at Seattle 420, LLC's retail marijuana store, which it operated as Bellevue Marijuana. The compliance officers were assisted by a 20-year-old investigative aide (IA). The IA was able to enter the store and successfully purchase marijuana once inside, despite being underage. An enforcement officer issued an Administrative Violation Notice (AVN) for selling marijuana to a minor and allowing a minor to frequent a restricted area in violation of WAC 314-55-079 and RCW 69.50.357. This was Seattle 420's third violation involving minors in two years, which led to the cancellation of its license based on former WAC 314-55-520 (2015).

During the administrative review of the AVN, both parties filed cross-motions for summary judgment. Seattle 420's summary judgment motion argued the controlled purchase was illegal because the controlled purchase program lacked proper authority, was based on a misinterpretation or misapplication of the law, and based on an unlawful procedure because the WSLCB had failed to engage in rule making which it asserted was required under RCW 69.50.560(2). It further argued that the actions of the WSLCB as to the IA controlled purchase program were arbitrary and capricious. The administrative law judge (ALJ) denied Seattle 420's motion and granted WSLCB's motion, affirming both the AVN and

accompanying penalties.  Seattle 420 filed a petition for review to the WSLCB.  On March 5, 2019, the WSLCB affirmed the initial order, waived the monetary penalty, and ordered the cancellation of Seattle 420's license effective April 11, 2019.

Seattle 420 filed a petition for judicial review in King County Superior Court and moved to stay the license cancellation pending review.  The motion to stay was denied.  Seattle 420 sought an emergency stay and discretionary review from this court.  The emergency stay was denied and Seattle 420 stipulated to withdrawal of the request for discretionary review as moot.

In the superior court, Seattle 420 brought a new argument that Engrossed Substitute Senate Bill (ESSB) 5318 should be applied retroactively to eliminate cancellation as the penalty for a third violation based on the sale of marijuana to a minor.  ESSB 5318 went into effect on July 28, 2019 and was intended to "[r]evise the [U]niform [C]ontrolled [S]ubstances [A]ct[2] with regard to compliance and enforcement provisions for marijuana licensees."[3]  This argument was rejected, along with the other arguments Seattle 420 raised before the superior court which mirrored those it presented at the various stages of review below.  The court acknowledged that ESSB 5318 directed WSLCB to create new penalties, but noted that because that process was not yet complete at the time of the hearing, it had "no authority to retroactively apply 'new rules' that ha[d] not yet been adopted."  The superior court affirmed the final order of the WSLCB and Seattle 420 now appeals to this court.

---

[2] Ch. 69.50 RCW.
[3] *Legislative Digest and History of Bills,* 66th Leg., at 14 (6th ed., Wash. 2019-20).

ANALYSIS

I.      Validity of the Controlled Purchase Program

On appeal, Seattle 420 argues that it was error for WSLCB to revoke its license because the WSLCB lacked authority to engage in a controlled purchase program since it had not gone through rule making.[4]  As an initial matter, it is important to hone in on Seattle 420's challenge as it fails to identify any manner by which the absence of rule making would invalidate the results of the WSLCB's compliance actions.  It does not dispute that the sale of marijuana to a minor occurred.  Seattle 420 simply makes the wholesale assertion that, without rule making, the compliance checks are improper and, as a result, the AVNs it accrued relating to minors are invalid and its license should be reinstated.  This is not correct.

The Washington Administrative Procedure Act (APA)[5] governs our review of the WSLCB's final order.  RCW 34.05.570; Top Cat Enter., LLC v. City of Arlington, 11 Wn. App.2d 754, 759, 455 P.3d 225 (2020).  "This court sits in the same position as the superior court, applying the standards of the APA directly to the record before the agency."  Topcat, 11 Wn. App. 2d at 759.  The burden of establishing the invalidity of the agency's action is on the party who is asserting such a claim.  RCW 34.05.570(1)(a).  We will only overturn an agency's legal determination if the agency engaged in an unlawful procedure or decision-making

---

[4] Though WSLCB argues this appeal is moot, this argument is not well taken. A licensee's compliance history with the WSLCB could impact their ability to acquire another license in the future. See WAC 314-55-050(14). Further, compliance history is also relevant if a licensee is involved in another business which has a license. See WAC 314-55-045; WAC 314-55-050. As such, there are various conceivable avenues for relief that the court could provide and the case is not moot.

[5] Ch. 34.05 RCW.

process, failed to follow a prescribed procedure, or erroneously interpreted or applied the law. RCW 34.05.570(3). Here, Seattle 420 challenges the ALJ's grant of WSLCB's motion for summary judgment after Seattle 420 appealed the violation that resulted in cancellation of its license. "[W]here the original administrative decision was on summary judgment, the reviewing court must overlay the APA standard of review with the summary judgment standard." Verizon Nw., Inc. v. Wash. Emp't Sec. Dep't, 164 Wn.2d 909, 916, 194 P.3d 255 (2008). "Accordingly, we view the facts in the record in the light most favorable to the nonmoving party." Id. "Summary judgment is appropriate only where the undisputed facts entitle the moving party to judgment as a matter of law." Id.

Here, the parties do not dispute the underlying facts of this case. There is only a purely legal question as to whether rule making was required in order for the agency to engage in a controlled purchase program under RCW 69.50.560.

A. Whether Rule Making is Required by the Plain Language of RCW 69.50.560

We first consider whether RCW 69.50.560 contains a requirement for rule making. Our court reviews the interpretation of a statute de novo. Robinson v. Am. Legion Dep't of Wash., Inc., 11 Wn. App. 2d 274, 288, 452 P.3d 1254 (2019). "The primary goal of statutory construction is to carry out legislative intent." Cockle v. Dep't of Labor & Indus., 142 Wn.2d. 801, 807, 16 P.3d 583 (2001). The best evidence of the legislature's intent is the language in the statute. In re Marriage of Schneider, 173 Wn.2d 353, 363, 268 P.3d 215 (2011). When "the statute's meaning is plain on its face, then the court must give effect to the plain meaning

as an expression of legislative intent." Dep't of Ecology v. Campbell & Gwynn, LLC, 146 Wn.2d 1, 9–10, 43 P.3d 4 (2002). The plain meaning of a statute is to be discerned from the ordinary meaning of the language under scrutiny, in addition to the context of the statute in which the language is found, related provisions, and the statutory scheme as a whole. Jongeward v. BNSF Ry. Co., 174 Wn.2d 586, 594, 278 P.3d 157 (2012). "It is of course the rule that the courts are obliged to interpret a statute, if possible, so that no portion of it is superfluous, void, or insignificant." Snow's Mobile Homes, Inc. v. Morgan, 80 Wn.2d 283, 288, 494 P.2d 216 (1972).

If there are multiple reasonable interpretations of a statute's plain meaning, it is ambiguous. Nelson v. Dep't of Labor & Indus., 198 Wn. App. 101, 110, 392 P.3d 1138 (2017). In instances of ambiguity as to a statute's meaning, then the court relies on principles of statutory construction, legislative history, and relevant case law to decipher the legislative intent. Cockle, 142 Wn.2d at 808.

RCW 69.50.560 provides in relevant part:

> (1) The state liquor and cannabis board may conduct controlled purchase programs to determine whether:
> (a) A marijuana retailer is unlawfully selling marijuana to persons under the age of twenty-one;
> (b) A marijuana retailer holding a medical marijuana endorsement is selling to persons under the age of eighteen or selling to persons between the ages of eighteen and twenty-one who do not hold valid recognition cards.

The statute expressly delegates authority to the WSLCB to engage in a controlled purchase program. Seattle 420's argument is that the reference to rule making in subsection (2) applies to the entirety of the statute. The relevant portion of RCW 69.50.560(2) reads:

(2) Every person under the age of twenty-one years who purchases or attempts to purchase marijuana is guilty of a violation of this section. This section does not apply to:

(a) Persons between the ages of eighteen and twenty-one who hold valid recognition cards and purchase marijuana at a marijuana retail outlet holding a medical marijuana endorsement;

(b) Persons between the ages of eighteen and twenty-one years who are participating in a controlled purchase program authorized by the state liquor and cannabis board under rules adopted by the board. Violations occurring under a private, controlled purchase program authorized by the state liquor and cannabis board may not be used for criminal or administrative prosecution.

(Emphasis added). The WSLCB argues that the statutory language about adoption of rules is constrained to section (2) and only addresses rules regarding IAs and the procedure related to how IAs engage in controlled purchase operations. Given that this portion of the law is explicitly aimed at establishing certain exemptions from criminal liability based on participation in a controlled purchase program, the WSLCB's interpretation is the correct one based on the plain meaning of the statute.

"'Administrative agencies have those powers expressly granted to them and those necessarily implied from their statutory delegation of authority. . . . [I]mplied authority is found where an agency is charged with a specific duty, but the means of accomplishing that duty are not set forth by the Legislature.'" Brown v. Vail, 169 Wn.2d 318, 330, 237 P.3d 263 (2010) (quoting Turek v. Dep't of Licensing, 123 Wn.2d 120, 124–25, 864 P.2d 1382 (1994). "Agencies have implied authority to carry out their legislatively mandated purposes." Turek, 123 Wn.2d at 125. "When a power is granted to an agency, 'everything lawful and necessary to the effectual execution of the power' is also granted by implication of law." Id. (quoting State ex

rel. Puget Sound Navigation Co. v. Dep't of Transp., 33 Wn.2d 448, 481, 206 P.2d 456 (1949)).

Here, it is a strained reading to interpret RCW 69.50.560(1) as anything other than an express grant of authority to the WSLCB to engage in a controlled purchase program. The argument that the language in subsection (2) applies to subsection (1) is one that goes against the traditional rules of statutory construction in our state. This court does not rewrite unambiguous statutory language under the guise of interpretation. Cerrillo v. Esparza, 158 Wn.2d 194, 201, 142 P.3d 155 (2006). Similarly, this court "must not add words where the legislature has chosen not to include them." Rest. Dev., Inc. v. Cananwill, Inc., 150 Wn.2d 674, 682, 80 P.3d 598 (2003). We are to "construe statutes assuming that the legislature meant exactly what it said." Birgen v. Dep't of Labor & Indus., 186 Wn. App. 851, 858, 347 P.3d 503 (2015).

RCW 69.50.560(1) expressly grants WSLCB the authority to engage in a controlled purchase program through its plain meaning. The statute is not ambiguous. This grant then implicitly provides the power to do everything lawful to execute the program. Here, as WSLCB argues, if the legislature intended rule making to occur in order to engage in the program, it would have utilized language similar to subsection (2). This is bolstered by the fact that the legislature did utilize such language when it authorized a controlled purchase program for liquor. See RCW 66.44.290.

Here, we give RCW 69.50.560 its plain meaning which indicates rule making was not necessary for the WSLCB to engage in a marijuana controlled

purchase program. The legislature did not choose to utilize language similar to that of that statute authorizing a liquor control purchase program. See RCW 66.44.290. Seattle 420 has not established that RCW 69.50.560 is ambiguous such that the competing interpretations offered by the parties are both reasonable. WSLCB's proposed interpretation follows the plain meaning of RCW 69.50.560 and we conclude that rule making is not required by the statute.

B. Whether Rule Making is Required by the Administrative Procedure Act

Seattle 420 further asserts that the APA also requires rule making in order for the WSLCB to properly implement a controlled purchase program. RCW 34.05.570(2)(c) makes clear that agency rules adopted without compliance with statutory rule making procedures are invalid. "If agency action falls within the APA's definition of a rule, the agency must engage in rule-making." Postema v. Pollution Control Hr'g Bd., 142 Wn.2d 68, 96, 11 P.3 726 (2000). "In relevant part, 'rule' means 'any agency order, directive, or regulation of general applicability . . . which establishes, alters, or revokes any qualification or requirement relating to the enjoyment of benefits or privileges conferred by law." Id. (quoting former RCW 34.05.010(15) (2000), recodified as RCW 34.05.010(16) (LAWS OF 2011, ch. 336, § 762)).

At oral argument, Seattle 420 asserted that the punitive nature of the controlled purchase program triggers the requirement for rule making under the APA. Here, as continuously argued by the WSLCB at all levels of this this case, it is clear that the controlled purchase program is not a rule, nor does it provide penalties; it is merely an enforcement program to ensure that licensees are in

compliance with the law.  The WSLCB did not establish that marijuana could not be sold to persons under twenty one; that prohibition comes from laws enacted by the legislature.  See Ch. 69.50 RCW.  Here, Seattle 420 claims that RCW 69.50.560(1), the statute authorizing compliance checks, could somehow be violated by a licensee, but this is simply not the case.  The language authorizing the compliance program expressly ties it to the agency's ability to determine whether retailers are limiting their sales to those persons authorized by law.  Further, the penalties which flow from a violation were adopted through rule making.  See WAC 314-55-509 to 540.

Neither the APA, nor the language in the authorizing statute, require the WSLCB to engage in rule making in order to operate a controlled purchase program.

II.     Retroactivity of ESSB 5318

Finally, Seattle 420 argues that ESSB 5318 applies retroactively such that the new rules which have been adopted by the WSLCB as to the punishment for a third violation should be applied to its case.  We disagree.  Because the new law is not remedial in nature, it does not apply retroactively.

"As a general proposition, courts disfavor retroactivity."  Densley v. Dep't of Ret. Sys., 162 Wn.2d 210, 223, 173 P.3d 885 (2007).  Generally, statutory amendments are presumed to be prospective in operation and not retroactive.  Hale v. Wellpinit Sch. Dist. No. 49, 165 Wn.2d 494, 507, 198 P.3d 1021 (2009).  "The presumption against retroactivity is overcome when the legislature explicitly provides for retroactive application, when an amendment is curative in the sense

of 'clarif[ying] or mak[ing] a technical correction to an ambiguous statute,' or when the enactment is remedial." Zink v. City of Mesa, 4 Wn. App.2d 112, 133, 419 P.3d 847 (2018) (alterations in original) (quoting In re Pers. Restraint of Flint, 174 Wn.2d 529, 546, 277 P.3d 657 (2012). "A statute is remedial and has a retroactive application when it relates to practice, procedure or remedies and does not affect a substantive or vested right." Johnston v. Beneficial Mgmt. Corp. of Am., 85 Wn.2d 637, 641, 538 P.2d 510 (1975).

Here, Seattle 420 concedes that the new law is not expressly retroactive or curative; therefore we need only consider whether the law is remedial. Seattle 420 argues that ESSB 5318 is remedial because "its stated purpose is to relieve licensees of the overly punitive consequences of mistakes made in the nascent states of the marijuana industry." The law is not remedial simply because the purpose is to consider improvements to prior practices. The punishments which were ultimately adopted via WAC 314-55-521, though less harsh, substantively changed the law which is an indicator that the law is not remedial. See Magula v. Benton Franklin Title Co., 131 Wn.2d 171, 182, 930 P.2d 307 (1997) ("[A]n amendment may apply retroactively if it is curative or remedial and intended to clarify rather than change the law."). Since this is a substantive change in the law, modifying the resulting penalty for sale to a minor, the bill is not remedial.

Further, as the WSLCB points out, the language of the statute itself contradicts the suggestion that the WSLCB was required to lessen penalties for the violation at issue here: selling marijuana to minors. The portion of the statute which reflects that aspect of the bill states in relevant part:

> (2) The board must adopt rules prescribing penalties for violations of this chapter. The board:
> (a) May establish escalating penalties for violation of this chapter, provided that the cumulative effect of any such escalating penalties cannot last beyond two years and the escalation applies only to multiple violations that are the same or similar in nature;
> (b) <u>May not include cancellation of a license for a single violation, unless the board can prove by a preponderance of the evidence</u>:
> . . .
> (ii) <u>Furnishing of marijuana product to minors</u>.

(Emphasis added). RCW 69.50.562. This language in the statute defeats any claim that the legislature intended to disallow the penalty imposed on Seattle 420. In fact, it expressly allowed for the WSLCB to establish penalties which could be harsher than the scheme which existed at the time of Seattle 420's third violation, particularly with regard to sales of marijuana to a minor. The language of this statute indicates that the WSLCB could have penalties resulting in the loss of a license 1) after one violation of furnishing marijuana to a minor, or 2) after two sales to a minor in a two year period. The mere fact that the WSLCB ultimately developed a penalty schedule that was less severe than the one in effect at the time of Seattle 420's third violation does not render the bill remedial in nature. Given the presumption that laws are prospective and because the statute itself represents a substantive change in the law, we reject the contention that the law is retroactive.

Affirmed.

_____

WE CONCUR:

_____      _____