[No. 40291.    Department One.    May 15, 1969.]

*In the Matter of the Application for a Writ of Habeas Corpus of* MICHAEL J. RILEY, *Appellant,* v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent.**

*Michael J. Riley,* pro se.

*The Attorney General* and *Dean Pontius, Assistant,* for respondent.

FINLEY, J.—Apellant-petitioner, Michael J. Riley, is presently confined in the Washington State Penitentiary upon a commitment for burglary in the second-degree, pursuant to judgment and sentence entered in the Superior Court for Skagit County. In an original writ of habeas corpus filed in this court, and denied without formal opinion November 14, 1967, petitioner challenged the validity of the guilty plea upon which the judgment was based, contending that it was involuntary because it had been induced by representations that he would thereby obtain medical treatment unavailable in Skagit County. This court, in denying the

*Reported in 454 P.2d 820.

writ, concluded that the petitioner's motive in no way deprived him of his choice to plead guilty or not guilty.

In the instant proceeding, appellant did not seek to relitigate the voluntariness issue. The voluminous briefs which he has submitted are solely directed to the question of whether his counsel, laboring under a mistake of fact as to the appellant's health, could effectively advise him and assist him in his defense.

■ If petitioner-appellant's theory were predicated upon findings of fact, it would require more extended discussion. However, appellant has assigned no error to the findings of fact entered by the trial court, and they must therefore be accepted as verities. The trial court had before it the transcript of proceedings at the arraignment. It had before it evidence that the appellant had upon five prior occasions gained admittance to a hospital facility through malingering while he was serving a prison sentence, and then escaped from the looser custody restraints of the hospital. It had before it information that Riley, whose true name is John Jacob McDaniel, was at the time of his arrest an escapee from penal custody in Wyoming, and could have had other motives for seeking a prompt confinement under his assumed name than receiving medical care.

With this information before it, the trial court found that the appellant's plea was considered and voluntary, that appellant had been afforded the assistance of counsel, and that there had been no abridgment of appellant's right to counsel. Those findings of fact are unchallenged in this court. As a result, there is no factual foundation upon which the appellant's ingenious argument can be constructed.

■ Appellant was represented by a regularly practicing member of the bar of this state. Where the court appoints a licensed and practicing member of the bar to appear for and represent an indigent defendant in a criminal case, a strong presumption of competence arises from: (1) the fact of his appointment by a judge of a trial court, (2) from the fact that counsel is a member of the bar of the

highest court of the state, and (3) from the fact that the attorney is regularly and actively engaged in the practice of law. *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967). That presumption can be overcome only upon a clear showing of incompetence derived from the whole record. No such finding was made by the trial court, and an independent examination of the record has convinced us that such a finding, if made, would have been reversible error.

Appellant was represented by competent counsel, and he has been unable to persuade the trier of fact as to the truth of his assertions concerning the claimed effect upon counsel's advice of the asserted representations as to medical treatment.

The decision of the trial court is affirmed.

HUNTER, C. J., HILL and HAMILTON, JJ., and ARMSTRONG, J. Pro Tem., concur.