[No. 4095–II.   Division Two.   January 9, 1981.]

HANSON EXCAVATING COMPANY, INC., *Appellant,* v. COWLITZ COUNTY, *Respondent.*

124

*Robert A. Comfort*, for appellant.

*Henry R. Dunn, Prosecuting Attorney, Gordon W. Sivley, Chief Deputy*, and *Frederick Kaseburg, Deputy*, for respondent.

REED, C.J.—Plaintiff Hanson Excavating Company, Inc. (Hanson), was low bidder on a Cowlitz County sewer construction project. Its bid, however, exceeded the funds available to the County for the project. Thus, no award of contract was made immediately following the bid opening.[1] Instead, Encon Engineering, the County's consulting engineering firm, which drew up the original project, redesigned the project in order to reduce the total price. Approximately 65 percent of the total project was altered. Some items were increased or decreased in quantity. Other items

---

[1] The bid instructions allowed the County 60 days in which to accept one bid or reject them all.

were deleted or substituted. Encon's representative met with Hanson to discuss the proposed changes in the project and obtained the company's agreement to build the project as redesigned for the new price.

The Board of County Commissioners then awarded the contract to Hanson, conditioned on the approval of several federal agencies which were funding the project. Contract forms and a performance bond which had been included in the bid package were completed by Hanson and submitted to the board shortly thereafter. At its next meeting the board was informed by its legal counsel that the contract would be void because of the negotiations carried on by Encon with Hanson. The board subsequently rejected all bids and Hanson sued for breach of contract. The trial court granted Cowlitz County's motion for summary judgment and plaintiff appealed.

Competitive bidding procedures must be followed for public works contracts entered into by a county for projects when the amount involved exceeds $3,500. RCW 36.32.250 sets out the procedure to be followed. It provides in part:

> The contract for the public work . . . shall be awarded to the lowest responsible bidder; taking into consideration the quality of the articles or equipment to be purchased or leased. Any or all bids may be rejected *for good cause.*

(Italics ours.) Even if we assume that a contract was formed between Hanson and Cowlitz County, either at the time that Hanson's lowest responsible bid was received, *see Butler v. Federal Way School Dist. 210,* 17 Wn. App. 288, 562 P.2d 271 (1977), or when the board officially awarded the contract to Hanson on December 28, 1976, the contract must fail because it was negotiated. *Platt Elec. Supply, Inc. v. Seattle,* 16 Wn. App. 265, 555 P.2d 421 (1976). Also, we find it unnecessary to discuss the need for approval by the various federal agencies involved.

The word "negotiate" is defined in Black's Law Dictionary 1188 (rev. 4th ed. 1968) as

that which passes between parties or their agents in the course of or incident to the making of a contract and is also conversation in arranging terms of contract.

Encon, as defendant Cowlitz County's agent, in an effort to revamp the project to meet the funding and job requirements, discussed the terms of the redesigned project with Hanson. The redesign included, *inter alia,* raising the elevations of some of the sewer lines, a reduction in slope of these lines, elimination of some shorter lines, substitution of standard manholes for dropped manholes, a redesign of lift stations and the elimination of a telemetry feature. One major change was elimination of a permanent standby power module at the main lift station at the lowest point in the system, with substitution of a single portable power module to serve this and all other stations. According to the uncontroverted affidavit of the County's public works director, the shallowing up of the system would require the installation of pumps to lift the sewage from future local improvement district systems into the existing system. The redesigned project was estimated to cost about $200,000 less than the original design for which bids had been submitted. The purpose of these discussions between Hanson and Encon was to ensure that Hanson would be willing to undertake the redesigned project for the new proposed bid amount. In other words, the project was "tailored" to what Hanson was willing to provide for the same unit prices.

The court in *Platt Electric* held that a negotiated contract for a project which must be competitively bid is invalid. This is because of the strong public policy favoring competitive bidding in this state. Negotiation of a contract for a project requiring competitive bidding circumvents this policy and opens "the doors to possible fraud, collusion, and favoritism". *Platt Elec. Supply, Inc. v. Seattle, supra* at 274. By negotiating with only one bidder, the County unfairly gave advantage to Hanson that was not afforded to all the others. The County could and should have rejected all the bids as being too high. This would have constituted "good cause" under RCW 36.32.250. *See Platt Electric*

*Supply, Inc. v. Seattle, supra* at 274. Having done so, the County could then have readvertised the redesigned project for bids. This was not done, however, and the contract between the County and Hanson is void. Because there were no disputed material fact issues, the question was one of law and summary judgment was proper.

A further note should be added in respect to certain of plaintiff's arguments relating to permissible changes in bid quantities. The County's bid package included several clauses pertaining to reservations of the right, within certain limits, to change quantities of work. A reservation of the "right to increase or decrease quantities during the construction and make reasonable changes in design" was set out in the bid instructions. The provision of the 1975 Standard Specifications for Municipal Public Works Construction, adopted by Cowlitz County's bid package, states that the county "reserves the right to make such alterations in the plans or in the quantities of work as may be considered necessary." Clearly, these provisions are directed to limited changes which can be made *after* a contract has been awarded. The provisions specify that the quantities in the bid are approximate only. They are intended to give the County a means of comparing the bids and determining the lowest bidder.

Hanson also argues that the changes in quantities, with no reduction in the "line item" or unit prices, do not constitute a prohibited negotiation of the contract. To accept Hanson's argument is to defeat the purpose of competitive bidding. Competing contractors may change their bids or others may bid if bid proposal quantities are altered; all bidders should have the opportunity to bid on the same proposed quantities.[2] The County and Hanson were not free to alter the bid quantities until after the contract was

---

[2] As the able trial judge observed: "That is the really deep stuff, 14 to 16 feet, maybe somebody would be worried about. Some of them [other bidders] don't have the equipment for [deep excavation]. If they had a chance to bid on the new contract they might have been able to give a better bid."

awarded and the project underway. This is the sole purport and intent of the clauses relied upon by Hanson.

The summary judgment is affirmed.

PETRIE and PETRICH, JJ., concur.