[No. 47896–1. En Banc. January 14, 1982.]

PAINTING & DECORATING CONTRACTORS OF AMERICA, INC., *Appellant,* v. ELLENSBURG SCHOOL DISTRICT, *Respondent.*

*Lane, Powell, Moss & Miller,* by *Wayne W. Hansen* and *John T. Hayduke,* for appellant.

*Joseph Panattoni, Prosecuting Attorney,* and *David H. Gorrie, Deputy,* for respondent.

STAFFORD, J.—Painting and Decorating Contractors of America (PDCA) brought suit against the Ellensburg School District (District) seeking declaratory and injunctive relief for claimed statutory bidding violations by the District. PDCA appeals from a judgment declaring that painting done by the District need not have been submitted for competitive bidding pursuant to RCW 28A.58.135; denying

PDCA's petition for an injunction against the District; and denying PDCA's request for attorneys' fees. We affirm the denial of the injunction and the attorneys' fees, but reverse the trial court's decision that the District was not subject to the competitive bidding act.

In the spring of 1979, the District decided that during the summer vacation it would repaint the exterior area surrounding the windows of the junior high school. The windows had not been repainted for approximately 19 years. Initially, the District made application for a CETA grant, applying for employees to do the painting. The grant was not awarded. Thereafter, the District determined that because the cost of the project would probably exceed $3,500, it would be necessary to ask for bids pursuant to RCW 28A.58.135 (the competitive bidding statute). Following publication of a notice for bids, Stan Gray Painting and B/S Painting (composed of two teachers in the District who had assumed the trade name for the purpose of bidding) submitted bids of $13,631 and $6,480, respectively. Both were rejected. The Gray bid was rejected because it was too high; the B/S bid was rejected because the teachers were neither licensed nor bonded, and lacked the requisite insurance.

The District did not resubmit the job for bids, and Stan Gray Painting was never again contacted after the original bid rejection. Subsequently, the two teachers suggested that they be placed on the District's summer custodial payroll and assigned the task of painting the windows. The District approved the plan.

At that time, the junior high school custodians were being paid at the rate of $4.80 per hour. Nevertheless, the District agreed to pay the teachers $7.30 per hour inclusive of overtime. This hourly rate of pay was derived by dividing $6,480, the teachers' original bid, by the estimated number of hours the painting would take.

The teachers commenced the job on approximately June 15, 1979, and completed it prior to July 30. Each worked approximately 355 hours on the project, often working in

excess of 40 hours a week.

The total cost of the project, including paint, materials, labor, and rental of scaffolding ($884) was $7,443. This figure does not include charges for health insurance, however, because the teachers were already covered through their teaching contracts.

Based on the foregoing, PDCA argues: (1) the District was subject to the competitive bidding statute; (2) the 1980 amendments to the competitive bidding statute were inapplicable; (3) the trial court should have retained jurisdiction so as to require the District to solicit bids on each summer's total painting work and oversee the District's bidding practices for 3 years; and (4) PDCA was entitled to attorneys' fees.

I

The first question we must resolve is whether this painting project should have been submitted for bids pursuant to RCW 28A.58.135, and, if so, whether the District violated the competitive bidding statute by failing to resubmit the project for bid and by hiring the two teachers as custodians to undertake the task.

RCW 28A.58.135 reads in relevant part:

(1) When, in the opinion of the board of directors of any school district, the cost of any furniture, supplies, equipment, building, improvements, or repairs, or other work or purchases, except books, will equal or exceed the sum of thirty-five hundred dollars, complete plans and specifications for such work or purchases shall be prepared and notice by publication given in at least one newspaper of general circulation within the district, once each week for two consecutive weeks, of the intention to receive bids therefor . . . *Provided,* That the board without giving such notice may make improvements or repairs to the property of the district through the shop and repair department of such district when the total of such improvements or repair does not exceed the sum of thirty-five hundred dollars. . . .

. . .

(3) The contract for the work or purchase shall be awarded to the lowest responsible bidder as defined in

RCW 43.19.1911 . . .

This statute was amended, effective June 1980, and, among other things, the competitive bidding threshold was increased from $3,500 to $4,500. RCW 28A.58.135 (1980).

The trial court determined, as a matter of law, that painting, "*other than* maintenance painting,"[1] is of the type of work which, if its estimated costs exceed $3,500 must be submitted for competitive bidding pursuant to RCW 28A.58.135.

█ The District contends that repainting the windows for the first time in 19 years falls within the category of "maintenance" (not mentioned in the statute) rather than within the statutory category of "improvements, or repairs, or other work . . ." This rather ingenious argument, reduced to its lowest common denominator, seems to suggest that since "maintenance" work is not specifically included within that enumerated work which requires bidding, none was required on the District's job. This position is reflected in finding of fact No. 24 which declares that maintenance painting of the building is not within the scope of "improvement, or repair, or public work".

The District's rather strained position not only places form over substance, it dwells upon an absence from the statute of the word "maintenance" while overlooking the presence of the phrase "or other work". The ignored phrase "or other work" is, however, sufficiently broad to encompass the painting project even if one is led to assume the painting was neither an improvement nor a repair project. Most certainly, if the painting was neither an improvement nor repair work it must logically be classified as "other work" within the contemplation of RCW 28A.58.135. The project involved painting the exterior of every window of the junior high school building, an undertaking which took

---

[1] Conclusion of law No. 5. "Painting work, *other than* maintenance painting, done by the Defendant, whether during the summer vacation break or at any time, is work which, if it meets the statutory limit must be submitted for competitive bids pursuant to RCW 28A.58.135." (Italics ours.)

over six weeks to complete at a total cost of approximately $7,500.

The District seeks to avoid this dilemma by arguing that the project was "maintenance" (not specifically mentioned in the statute) and that it was "public work" which, under RCW Title 39, is said to exclude "ordinary maintenance". *See* RCW 39.04.010. The theory has two flaws. First, Title 39 is inapplicable. The work was well within the specific scope of "improvements, or repairs, or *other work* . . ." (italics ours) as employed by RCW 28A.58.135. Second, it must be noted that while finding of fact No. 24 excludes "maintenance" from the statutory category of "improvements, or repairs . . ." it does *not* exclude it from the category of "*other work*" contained in RCW 28A.58.135. Rather, finding No. 24 excludes "maintenance" only from the term "*public work*".[2] Since the District failed to assign error to the finding's use of "public work" rather than "other work" it is bound by the trial court's categorization in finding No. 24. *See Riley v. Rhay,* 76 Wn.2d 32, 454 P.2d 820 (1969); *Weiss v. Weiss,* 75 Wn.2d 596, 452 P.2d 748 (1969). That being the case, the District's rather lengthy and technical argument is without basis, the trial court having excluded consideration of "maintenance" from the phrase "*public work*" under Title 39 but not from the term "*other work*" under RCW 28A.58.135, the directly controlling statute. Thus, we reject the District's argument and hold that painting of this magnitude is of the type of "other work" contemplated by the statute.

 Under RCW 28A.58.135, there must be public competitive bidding for any contract involving furniture, supplies, equipment, building improvements, repair or other work which costs more than $3,500. This threshold was met. Consequently, the project was subject to the provisions of RCW 28A.58.135 and the contract should have

---

[2]Finding of fact No. 24 provides in relevant part: "Maintenance painting of buildings owned and operated by the defendant . . . is not improvement, or repair, or *public work*". (Italics ours.)

been awarded to the lowest responsible bidder. The purpose of such legislation is to prevent fraud, collusion and favoritism in awarding public work contracts. *See Hanson Excavating Co. v. Cowlitz County,* 28 Wn. App. 123, 622 P.2d 1285 (1981). The mere submission of a contract for public bid does not satisfy the requirements of RCW 28A-.58.135, however. In addition, the contract must be *awarded* pursuant to those bids.

In a factual setting similar to that in the instant case, the Washington Court of Appeals held a municipality faced with unacceptable bids could not attempt to strike a deal with one of the bidders. *See Platt Elec. Supply, Inc. v. Seattle,* 16 Wn. App. 265, 555 P.2d 421 (1976). Rather, the municipality was required to act fairly toward all interested bidders. The Court of Appeals expressly stated that:

> if after advertising for and receiving sealed proposals for the doing of public work for a municipality, none of the bids is found satisfactory, *the public body has no authority to favor one of the bidders by negotiations with him privately,* changing the scope of the work to be done or the terms of payment therefor in consideration of the reduction of his offer.

(Italics ours.) *Platt,* at 271. In a sense, we have such a forbidden practice present in the instant case, for, after rejecting the first round of bids, the District negotiated privately with the two teachers who comprised B/S, one of the unsuccessful bidders. As a result, it hired the two teachers as custodians, assigned them to the task of painting the windows, paid them in excess of what custodians were customarily paid, and, as it turns out, paid them an amount equivalent to their rejected original bid for the project. By so doing, the District improperly circumvented the competitive bidding requirement of the statute. It failed to resubmit the contract for bids. *See* RCW 28A.58.135; *Platt,* at 271.

## II

PDCA asserts the trial court erred by holding the 1980 amendment of RCW 28A.58.135 rendered the controversy moot. The assignment of error is well taken and in this regard the trial court is reversed.

The initial notice calling for bids was published in May of 1979. The aforementioned two bids were received and rejected. The current dispute arose when, without resubmitting a call for bids, the District hired the two teachers as custodians and commenced the painting in June of 1979. Nothing further was required to establish a matured claim after the painting job was completed in July of 1979.

PDCA filed a complaint in July of 1979, and an amended complaint in November, seeking, among other things, a declaratory judgment that the District had violated RCW 28A.58.135. By the time the cause came on for trial in August of 1980 the statute had been amended and the trial court held the June 12, 1980, amendment had rendered the controversy moot.

The PDCA's right of action had accrued prior to the statutory amendment. Nothing in the statute indicates a legislative intent that the amendment be applied retroactively. In the absence of some legislative indication to the contrary, statutory amendments are to be applied prospectively. *Agency Budget Corp. v. Washington Ins. Guar. Ass'n,* 93 Wn.2d 416, 610 P.2d 361 (1980); *Johnston v. Beneficial Management Corp. of America,* 85 Wn.2d 637, 641, 538 P.2d 510 (1975). Thus, the request for declaratory relief was not moot.

Secondly, the controversy was not moot because even under the 1980 amendment, a school district is required to follow some type of competitive bidding procedure when the cost of a contract exceeds $4,500. Under the 1980 amendment, a school district may make improvements or repairs through the shop and repair department when the total of such work does not exceed $4,500. *See* RCW 28A.58.135(1) (1980). Competitive bidding is required, however, for any project in excess of that amount. Bids for

projects between $4,500 and $10,000 may be obtained through telephone solicitation of contractors on the "small works roster." RCW 28A.58.135(3) (1980). Contracts in excess of $10,000 are subject to the same formal bidding procedure as contained in the previous statute. RCW 28A.58.135(1) (1980). Thus, even under the more liberal amendment to the statute, some type of competitive bidding is required for a project costing $7,500.

## III

PDCA argues that the trial court should have retained jurisdiction to order the District to solicit bids on each summer's total painting work and to oversee the District's bidding practice for 3 years. This appears to be in the nature of an assertion that an injunction should have been granted.

During the trial, it was established that in addition to the junior high school project, the District did at least $9,676 worth of other painting during the 1979 summer vacation. This figure does not include any direct or indirect overhead costs.

■■ The claimed error is not well taken for two reasons. First, PDCA has not assigned error to finding of fact No. 18.[3] Consequently, we must assume the facts stated therein are established facts in the case. *Riley v. Rhay,* 76 Wn.2d 32, 454 P.2d 820 (1969); *Weiss v. Weiss,* 75 Wn.2d 596, 452 P.2d 748 (1969). The unchallenged finding strongly militates against granting the extraordinary relief suggested by PDCA. Second, RAP 10.3(g) requires that an appellant's

---

[3]Finding of fact No. 18 states:

"The awarding and completion of the maintenance painting work for the exterior windows at Morgan Junior High School was made while the administrators of Ellensburg School District 401, in a [sic] good faith believed that they were complying substantially with the requirements of RCW 28A.58.135. The administrators of Ellensburg School District 401 have consistently attempted to comply with the provisions of RCW 28A.58.135. The awarding of a contract for painting of the exterior windows of Morgan Junior High School for a cost in excess of $3,500 was an isolated incidence of contracts of this type and size being awarded by the administrator of the defendant Ellensburg School District 401, without complying fully with RCW 28A.58.135."

brief contain a separate concise statement of each error claimed. PDCA did not assign error to the trial court's denial of its requested injunctive relief or the refusal to oversee the District's bidding procedure. Thus, we will not consider the matter further, and are obligated to affirm the decision of the trial court. *See State v. Fortun,* 94 Wn.2d 754, 626 P.2d 504 (1980); *Schneider v. Forcier,* 67 Wn.2d 161, 406 P.2d 935 (1965).

## IV

The PDCA brief also contains limited argument that it should be awarded attorneys' fees because, if successful, it will have established the requirement that school painting projects be submitted for competitive bidding. This, it asserts, will benefit all future painting contractors and other craftsmen. The argument is without merit.

First, attorneys' fees will not be awarded as part of the cost of litigation in the absence of a contract, statute or recognized ground in equity. *Seattle School Dist. 1 v. State,* 90 Wn.2d 476, 585 P.2d 71 (1978). It is not contended that the claimed fee is based on either a contract or statute. The equitable doctrine of "common benefit/common fund" upon which PDCA relies does not in fact exist here, for there is nothing in the record to establish that PDCA's action protected, preserved or created a fund from which attorneys' fees could be awarded. *See Seattle School Dist. 1 v. State, supra* at 541–45; *Weiss v. Bruno,* 83 Wn.2d 911, 523 P.2d 915 (1974). Further, *Hsu Ying Li v. Tang,* 87 Wn.2d 796, 557 P.2d 342 (1976), cited by PDCA, does not support its claim for attorneys' fees. As pointed out in *Seattle School Dist. 1,* at 543, "*Hsu . . . was an action between private* litigants involving neither the *State* nor *State* funds. [And] there is no allegation or proof of constructive fraud such as that which supported the award . . . in *Hsu Ying Li v. Tang, supra.*"

Second, RAP 10.3(g) requires that an appellant's brief contain a separate concise statement of each error claimed. PDCA has assigned no error to the trial court's denial of

attorneys' fees. Thus, we need not discuss the matter further. *See State v. Fortun, supra; Schneider v. Forcier, supra.* We affirm the trial court on this issue.

In conclusion, we hold that the District was required to submit and award its painting contract pursuant to the competitive bidding requirements outlined in RCW 28A-.58.135, and that the 1980 amendment to the statute did not render the controversy moot. The trial court was correct, however, in denying PDCA's request for an injunction and attorneys' fees.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.

Reconsideration denied February 19, 1982.