[No. 56395–1. En Banc. July 26, 1990.]

WASHINGTON WASTE SYSTEMS, INC., *Respondent,* v. CLARK COUNTY, ET AL, *Appellants,* TIDEWATER BARGE LINES, INC., *Intervenor.*

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard S. Lowry, Senior Deputy,* for appellant Clark County.

*Landerholm, Memovich, Lansverk & Whitesides, Inc., P.S., Gregory J. Dennis,* and *Donald A. Greig,* for respondent.

*Williams, Kastner & Gibbs,* by *Randall B. Printz,* for intervenor.

*P. Stephen DiJulio, J. Tayloe Washburn,* and *Aliza C. Allen* on behalf of Washington State Association of Counties and Klickitat County, amici curiae for appellants.

UTTER, J.—Clark County used an alternative to the competitive bidding process to select Tidewater Barge Lines (Tidewater) as the vendor for a solid waste disposal contract.[1] Washington Waste Systems (hereinafter WWS), a disappointed bidder, challenged the use of the alternative procedure and the selection of Tidewater. The trial court ruled that Clark County could not use the alternative procedure for this contract, but did not find the selection of Tidewater to be arbitrary and capricious. We hold that Clark County properly used the alternative bidding procedure and agree that the selection of Tidewater was neither arbitrary nor capricious.

I

In 1985, the Department of Ecology required Clark County to prepare to close its landfill by December 31, 1991. The County responded by beginning to look into the development of a county–owned landfill. An Environmental Protection Agency investigation of the proposed landfill site caused the County to request proposals for out–of–county disposal of its waste with recycling and transfer facilities. The County received four proposals.

The Clark County Executive approved the creation of a Solid Waste Export Evaluation Committee (Committee) to review the proposals. The Board of County Commissioners later approved the Committee's conclusion that solid waste exporting was a viable concept and that Tidewater and WWS should continue to the next stage of the vendor selection process.

The County did not use the competitive bidding procedure to evaluate the competitors. *See* RCW 36.32.250. This procedure has extremely detailed notice requirements and, most importantly, requires the County to award the contract to the lowest responsible bidder. RCW 36.32.250. Instead, it used an alternative procedure created for certain solid waste contracts. *See* RCW 36.58.090. This procedure

---

[1]*See* RCW 36.58.090 (alternative process); RCW 36.32.250 (competitive bidding).

has somewhat less detailed notice requirements than the competitive bidding procedure. RCW 36.58.090(2). It allows a representative of the legislative authority to evaluate vendors and to discuss the proposals with them. If more than two vendors submit qualifications, the representative must interview at least two vendors. The representative need not rely solely upon price in determining who is the best qualified vendor. Once the legislative authority has selected a vendor, contract negotiations begin. If the parties cannot negotiate a satisfactory contract, the vendor selection process may be repeated. RCW 36.58.090(5).

Pursuant to this alternative procedure, the Committee discussed the proposals with the two companies and submitted written queries on some points. *See* RCW 36.58-.090(3). During the course of these interviews, the two companies modified their proposals frequently. The Committee rated the Tidewater proposal superior in cost, recycling, and functionality, and recommended that the County pursue negotiations with Tidewater.

After a public hearing, the Board of County Commissioners approved the Committee's recommendation of Tidewater and approved the Clark County Executive's appointment of the Committee.[2] Washington Waste Systems appealed the County Commissioners' decision, and applied for a writ of mandamus.

The trial court held that Clark County must use competitive bidding rather than the alternative procedure Clark County had used. On the other hand, it held that Clark County's decision to pursue negotiations with Tidewater was not arbitrary and capricious.

Clark County and intervenor Tidewater appealed to this court. The Washington State Association of Counties and

---

[2] We conclude from this fact that the Committee was a representative of the county council and reject WWS's argument to the contrary. We likewise reject WWS's argument that the authority of the Clark County Solid Waste Advisory Commission invalidates county decisions relying on the advice of another body. We note that members of the advisory commission were on the Committee, and that the advisory commission has not joined WWS as an intervenor.

Klickitat County filed an amicus brief supporting Clark County. Washington Waste Systems cross–appealed on the issue of whether the selection of Tidewater was arbitrary.

## II

Counties must use a competitive bidding procedure for most municipal contracts. *See* RCW 36.32.250. The Legislature has created a more flexible alternative procedure for certain solid waste contracts and Clark County used it to select the vendor for its solid waste export contract. *See* RCW 36.58.090. The issue is whether the Legislature authorized the use of the alternative procedure for a solid waste export contract involving recycling and transfer facilities.

The Legislature enacted the alternative procedure in 1986, Laws of 1986, ch. 282, § 19, p. 1228, and amended it in 1989, Laws of 1989, ch. 399, § 10(3), p. 2169, and again in 1990, Laws of 1990, ch. 279, § 1, p. 1594. Because Clark County evaluated the proposals prior to the 1989 amendments, we first determine whether those amendments apply retroactively.[3]

■ Courts generally presume that statutes act prospectively absent contrary legislative intention. *Painting & Decorating Contractors of Am., Inc. v. Ellensburg Sch. Dist.,* 96 Wn.2d 806, 813, 638 P.2d 1220 (1982). But curative statutes, *i.e.,* statutes which clarify ambiguities in older legislation without changing prior case law, presumably act retroactively. *See State v. Jones,* 110 Wn.2d 74, 82, 750 P.2d 620 (1988).

The 1986 legislation contains an ambiguity about the scope of contracts which may be made pursuant to the alternative procedure. *See* former RCW 36.58.090. Subsection (1) of RCW 36.58.090 contradicts subsection (3). *Compare* former RCW 36.58.090(1) (1987) *with* RCW 36.58.090(3). Subsection (1) allows the County to use the alternative procedure described in subsections (2) and (3)

---

[3]We consider this question first because this is the fairest and most expeditious way to provide the clarification of the law which the parties and amicus seek. Our selection of this method of resolving this case has no other significance.

when contracting for the "design, construction, or operation function" of "systems and plants for solid waste handling". Former RCW 36.58.090(1). The 1986 law defines solid waste handling broadly as "the management, storage, collection, transportation, treatment, utilization, processing, and final disposal of solid wastes" including recycling. Former RCW 70.95.030(10); *see* former RCW 36.58.090(1).

Subsection (3), however, suggests that the authority to evaluate contract vendors using the alternative procedure is much more limited. This subsection states:

> If the . . . county decides to proceed with the construction of a resource recovery facility or . . . the services to be provided for such a facility, it may designate a representative to evaluate the vendors . . ..

Former RCW 36.58.090(3). The subsection goes on to describe the process of informal negotiation used in this case. Thus, subsection (1) states that the subsection (3) interview procedure can be used for just about any contract for a solid waste handling system while subsection (3) itself suggests that the County must construct or service a "resource recovery facility" in order to take advantage of the special bidding procedure. The statute as a whole is ambiguous as to whether a resource recovery facility must be involved in order to take advantage of the special bidding procedure.

Under *Jones,* legislation will be deemed curative if its purpose was to clarify an existing ambiguity and it overrules no case law. *Jones,* 110 Wn.2d at 82. The 1989 amendments clarify the ambiguity of the statute by deleting the reference to a "resource recovery facility" from subsection (3) of the 1986 legislation. Laws of 1989, ch. 399, § 10(3). This clarifies the ambiguity by making it clear that counties may select vendors of solid waste handling systems and plants through the alternative procedure even if the proposals do not include a "resource recovery facility".

Our conclusion that the 1989 amendments were curative makes it unnecessary to consider whether they are also remedial in character. Because WWS had no vested

right which retroactive construction might affect and the amendments are curative, the 1989 amendments to subsections (1) and (3) apply retroactively. *See Snow's Mobile Homes, Inc. v. Morgan,* 80 Wn.2d 283, 291, 494 P.2d 216 (1972) (statute affecting no vested right applied retroactively).

Inasmuch as these proposals involve solid waste systems, the County did have authority to use the alternative procedure to select a vendor. The 1990 amendment contains nothing to alter this conclusion. Laws of 1990, ch. 279, § 1.[4]

## III

Washington Waste Systems challenged the vendor selection on substantive grounds as well. It believed that the County erred in concluding that Tidewater offered the better proposal.

Generally, the arbitrary and capricious standard governs judicial review of discretionary administrative decisions of local government. *See Backlund v. Board of Comm'rs of King Cy. Hosp. Dist. 2,* 106 Wn.2d 632, 647–48, 724 P.2d 981 (1986) (applying the arbitrary and capricious standard to county denial of a doctor's hospital privileges), *appeal dismissed,* 481 U.S. 1034 (1987). Moreover, when we review agency action under our inherent power of review we limit our review to determining whether the agency action is arbitrary and capricious. *See Pierce Cy. Sheriff v. Civil Serv. Comm'n,* 98 Wn.2d 690, 658 P.2d 648 (1983); *Williams v. Seattle Sch. Dist. 1,* 97 Wn.2d 215, 221–22, 643 P.2d 426 (1982). Review of administrative action pursuant to statute is also usually governed by the arbitrary and capricious standard. *Haynes v. Seattle Sch. Dist. 1,* 111 Wn.2d 250, 254, 758 P.2d 7 (1988), *cert. denied,* 489 U.S. 1015 (1989).

 Washington Waste Systems argues that a more stringent standard of review should apply to this case. It also argues that the policies which require application of

---

[4]We prefer to avoid reliance on the 1990 legislation because the parties did not brief the question below and it is unnecessary.

more intensive review under the State Environmental Policy Act of 1971 (SEPA) apply to review of the selection of contractors under the alternative bidding procedure. *See Cougar Mt. Assocs. v. King Cy.,* 111 Wn.2d 742, 749–50, 765 P.2d 264 (1988); *Polygon Corp. v. Seattle,* 90 Wn.2d 59, 69, 578 P.2d 1309 (1978) (same); *Norway Hill Preserv. & Protec. Ass'n v. King Cy. Coun.,* 87 Wn.2d 267, 274–76, 552 P.2d 674 (1976) (under clearly erroneous standard the court may reverse if review of the whole record leaves it with the definite and firm conviction that a mistake has been made). As we explained in *Norway,* the need to assure consideration of environmental values prior to decisions requires active judicial review under SEPA. *Norway,* at 275.

The public policy underlying the alternative bidding procedure set out in RCW 36.58.090(3), the need to allow counties greater flexibility in evaluating contract proposals for solid waste handling systems, requires less intensive judicial review. Active judicial review would stymie, rather than facilitate, this goal. Accordingly, we hold that the arbitrary and capricious standard applies to challenges to vendor selection under RCW 36.58.090.

█ Under the arbitrary and capricious standard, this court only reverses willful and unreasoning action in disregard of facts and circumstances. *State v. Ford,* 110 Wn.2d 827, 830, 755 P.2d 806 (1988); *Abbenhaus v. Yakima,* 89 Wn.2d 855, 858–59, 576 P.2d 888 (1978). Washington Waste Systems does not even allege that Clark County showed a disregard for facts and circumstances. See Brief of Respondent, at 31–40, 46–48. Rather, WWS argues that Clark County failed to understand information before it which showed that Tidewater's proposal was superior in the cost, recycling, and functionality categories. In *Ford,* we explained that "an error in judgment is not arbitrary and capricious." *Ford,* 110 Wn.2d at 830. The record reflects a conscientious effort to choose the best proposal and evaluate the information available. Accordingly, we conclude that the selection of Tidewater was not arbitrary and capricious.

We reverse the trial court's holding that Clark County must use the competitive bidding procedure for this contract. We affirm its conclusion that the selection of Tidewater was not arbitrary and capricious.

CALLOW, C.J., and BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.