[No. 14109-8-III.   Division Three.   April 9, 1996.]

*In the Matter of* RYAN C. JOHNSON-SKAY.

TRACY L. SKAY, *Appellant,* v. AMY L. JOHNSON, *Respondent.*

■■■■■■ ■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Jay O. Violette*, for appellant.

*Melanie J. Bot* and *Eng, Newcomb & Bot, P.S.*, for respondent.

MUNSON, J. — Tracy L. Skay appeals an order of child support requiring him to pay for day care for his son Ryan. The appeal presents a question of first impression in this state: Where a licensed day-care provider provides day-care services for his or her own child and is thus precluded from accepting additional clients, may a trial court consider the lost income as day-care expense when computing child support? We hold the lost income may be considered, but we remand for recomputation of the child support.

Ryan lives with his mother, Amy L. Johnson, who is licensed by the state to provide day-care services in her home. Under state regulations, she may provide care for a maximum of six children, including her own, and she is currently at the maximum. The trial court concluded that Ms. Johnson lost income by caring for Ryan in her home because Ryan takes up a slot that could be filled by an income-producing child. It ordered Mr. Skay to pay his proportionate share of this day-care expense. The court did not, however, include this amount in Ms. Johnson's income when calculating child support.

■ ■ The "basic child support obligation" of RCW 26.19.020 does not include the cost of day care. RCW 26.19.080(3). But where reasonable and necessary the trial court may include day-care costs in determining child support. RCW 26.19.080(3), (4). Mr. Skay argues Ms. Johnson does not incur any costs for day care because she cares for Ryan in her own home. While Ms. Johnson does care for Ryan in her home, that care is not without cost. Because she has reached the maximum number of children allowed by the state, she must forgo the income from an additional client because she provides care for Ryan. Although the cost is in the form of lost income rather than an expense, the economic effect is the same: Whether she cares for Ryan at home or places him in day care elsewhere, she pays a price. This cost is properly placed on both parents rather than one. The trial court did not err by ordering Mr. Skay to pay a portion of that cost.

■ Mr. Skay also argues the trial court did not make the required written findings as to the necessity or reasonableness of the day-care expense. Under RCW 26.19.035(2), the trial court must make written findings of fact supporting any deviation from the standard calculation. Here, the trial court entered written findings of fact and conclusions of law, but they do not address the award of day-care expenses. However, in its written order, the court explained why it was awarding the cost of day care and how it determined the appropriate amount. Even though it is part of the trial court's order, this is a written finding of fact. It explains why the court made the award and how it determined the amount.

Mr. Skay contends that if the award of day-care costs was proper, then the award should be considered income to Ms. Johnson. Ms. Johnson points out the court need not consider the issue because Mr. Skay did not make this argument to the trial court. Under RAP 2.5(a), we need not consider an issue not raised at trial. This issue, however, is intertwined with both the question of whether day-care costs should have been included in the award of

child support and the amount of those costs to be included. Consequently, we choose to reach the issue.

■ All income and resources of both parties must be considered by the court when calculating the basic child-support obligation. RCW 26.19.071(1), (3). Here, the award of day-care costs was to compensate Ms. Johnson for "lost income." If it is paid, then it is no longer "lost" and is income to her. Consequently, it should be considered when calculating the basic child-support obligation. However, the amount awarded by the trial court was based on the gross receipts which another child would generate. To arrive at her actual income, Ms. Johnson should be allowed to deduct the costs associated with the care of another child.

Ms. Johnson argues that if her expenses are increased proportionately, then the total difference in child support is de minimus. While some expenses may increase proportionately, others may not.[1] We remand the matter to the trial court to recompute child support considering the change both the additional revenue and related costs would have on Ms. Johnson's income.

Ms. Johnson requests attorney fees for the appeal pursuant to RCW 26.09.140. She did not, however, file the affidavit of financial need required by RAP 18.1(c). Her request is denied.

Remanded for recalculation of child support.

SWEENEY, C.J., and THOMPSON, J., concur.

---

[1] For example, Ms. Johnson includes in her expenses $1 per day for laundry. There is nothing in the record to show this would change in direct proportion to the number of children cared for.