Honorable Pam Roach State Senator 31st Legislative District P.O. Box 650 Auburn, Washington 98071
Dear Senator Roach:
By letter previously acknowledged, you have requested our opinion on a question we have paraphrased as follows:
 Do RCW 35.13.360 through .400 entitle a sheriff's employee to transfer to the police department of a city which, having incorporated prior to the effective date of the statutes, contracted with the county for law enforcement services for several years and then, subsequent to the enactment of the statutes, formed for the first time its own police department?
For the reasons stated in the analysis below, we answer this question in the negative.
 ANALYSIS
Under Washington state law, local law enforcement services are performed primarily by the cities and counties. Each classified and code city in the state is constitutionally or statutorily entitled, but not legally obligated, to appoint a police chief and other police officers, and to form a police department. See Const. art. 11, aa 10-11; RCW 35.22.570 (omnibus powers of first class cities; RCW 35.23.021, .161 (second class cities); RCW 35.27.240
(towns); RCW 35A.11.020 (general powers of code cities). In the unincorporated areas of a county, the county sheriff provides the principal law enforcement services. RCW 36.28.010.
In AGO 1990 No. 4, we laid out the basic relationship of county to city law enforcement in Washington. We noted that the county sheriff has a duty to enforce state law everywhere within the county, including those areas within the boundaries of incorporated cities and towns. However, we noted, the sheriff is entitled to take into account the existence of city and town police departments in allocating the resources available. Also, the sheriff's efforts may logically be concentrated in those portions of the county which have no other police protection.
Finally, we concluded that if a city wants to obtain a particular level of police service, and does not wish to form its own police department, the Interlocal Cooperation Act (chapter 39.34 RCW) provides authority for the city to contract with the county to provide those services. A copy of AGO 1990 No. 4 is enclosed for your easy reference.
This relationship of city to county law enforcement is the background for the enactment of RCW 35.13.360 through .400, which in turn is the basis for your question. The statutes in question entitle employees of county sheriff's departments to transfer to city police departments under certain circumstances. The key language is contained in RCW 35.13.370, which we here quote in full:
 When any portion of an unincorporated area of a county is to be annexed or incorporated into a city, code city, or town, any employee of the sheriff's office of the county may transfer his or her employment to the police department of the city, code city, or town as provided in RCW 35.13.360 through 35.13.400 if the employee: (1) Was, at the time the annexation or incorporation occurred, employed exclusively or principally in performing the powers, duties, and functions of the county sheriff's office; (2) will, as a direct consequence of the annexation or incorporation, be separated from the employ of the county; and (3) can perform the duties and meets the city's, code city's or town's minimum standards and qualifications of the position to be filled within their police department.
 Nothing in this section or RCW 35.13.380 requires a city, code city, or town to accept the voluntary transfer of employment of a person who will not be laid off due to his or her seniority status. [1993 c 189 a 3.] RCW 35.13.370.
(Emphasis added.)
This statute would clearly apply to any city which, after the enactment date (July 25, 1993) incorporated and created its own police department, as well as to any existing city which, after the effective date of the statute, annexed additional territory. In your request you point out that, as of July 25, 1993, there were cities which had completed the incorporation process before that date but which, subsequently, had decided for the first time to create separate police departments. Your question is whether those decisions, if they result in layoffs in the county sheriff's offices, entitle any of the sheriff's employees to transfer to the newly-formed police department.
In interpreting a statute, the primary objective is to carry out the intent of the Legislature. To determine intent, courts first look to the language of the statute itself. State v. Young,125 Wn.2d 688, 888 P.2d 142 (1995); In the Matter of the Personal Restraint of Williams, 121 Wn.2d 655, 853 P.2d 444 (1993). In these cases, an analysis of RCW 35.13.370 reveals that the "transfer rights" established in the statute are triggered by either of two events: (1) the annexation of previously unincorporated county territory into a city or town; or, (2) the incorporation of previously unincorporated county territory into a new city or town.
Your question is about a situation in which, first, no annexation by an existing city or town is involved; and, second, no post-1993 incorporation of a new city or town will reduce the amount of unincorporated territory of a county. Instead, your question involves a city already incorporated prior to 1993 which, having previously chosen to contract with the county for law enforcement services, now has decided to terminate that contract and establish its own police force.
The language of RCW 35.13.370 does not cover this situation. The act of which it is a part (chapter 189, Laws of 1993, codified as RCW 35.13.350 through .400) could be construed to cover such a case only if: (1) the language of the statute is sufficiently ambiguous to justify looking at extrinsic sources for interpretation; and, (2) the clearly apparent legislative intent is to cover cities in the situation described in your request. This could be done in two possible ways: (1) interpreting RCW 35.13.370 as having retroactive effect — that is, to cover past "incorporations" as well as future; or, (2) alternatively, by treating the decision to establish a separate police department as the "trigger" for the transfer rights under the statute rather than the act of incorporation.
The first of these two arguments is quite easily disposed of. Absent contrary legislative intent, statutes are presumed to operate prospectively only. Adcox v. Children's Orthopedic Hospital and Medical Center, 123 Wn.2d 15, 864 P.2d 921 (1993), Washington Waste Systems, Inc. v. Clark County, 115 Wn.2d 74,794 P.2d 508 (1990). The presumption that statutes operate prospectively is strengthened when the Legislature uses only present and future tenses in drafting a statute. Adcox, supra. In this case, we are struck by the opening language of RCW 35.13.370: "[w]hen any portion of an unincorporated area of a county is to be annexed or incorporated[.]" (Emphasis added.) This "to be" construction carries a strong prospective flavor, and we find no language elsewhere in the act to counter this impression.
Furthermore, we reviewed the committee files of the 1993 Legislature considering the enactment of the language in question, as well as the official bill digests and journals of both houses of the Legislature, and nowhere did we find a suggestion that the bill was intended to relate back to pre-1993 incorporations.
Applying the new statute to previously incorporated cities would significantly alter existing rights and responsibilities. In the absence of either language in the statute itself or legislative history indicating that the act was intended to cover past as well as future incorporations, we construe the act as purely prospective.
Turning to the other possibility, that one could treat establishment of a new city police department as the "triggering" event for the transfer rights, we first note that such a reading is simply inconsistent with the words chosen by the Legislature. RCW 35.13.370 establishes the transfer rights when "annexation" or "incorporation" occur, and not some other event.
Furthermore, the Legislature did choose to use the creation of a new police department as a "triggering" device for other more limited purposes, the beginning of the 36-month "re-employment period" established in RCW 35.13.380. This statute, in addition to setting forth some procedural requirements, establishes the rights of county employees to be "re-employed" by a city in those circumstances where a city finds it can establish an adequate police force without employing all of the county personnel who would be eligible to transfer under RCW 35.13.370.
In such cases, the city is required to grant a hiring preference to former county employees for 36 months. RCW 35.13.380Y(3) establishes the beginning point of the 36-month period as the effective date of an annexation where an annexation is involved, or "[o]n the date when the city creates its own police department in cases of incorporation."
In establishing the date of the creation of a department as the beginning of the "re-employment period," the Legislature undoubtedly realized that having the re-employment period run from the date of annexation would have anomalous results in cities which did not initially choose to create their own departments. Under the original language of HB 1156, if a city waited more than three years after incorporation to create its own police department, the "re-employment period" would have expired before any layoffs occurred as a result of the city's action, making the re-employment period meaningless. Thus, the Legislature amended the bill to date the "re-employment period" from the actual establishment of a separate police force, not from the date of incorporation.
However, we are struck by the fact that the 1993 Legislature chose to amend the section that became RCW 35.13.380, but did not alter the language of RCW 35.13.370 which defines "annexation" or "incorporation" as the triggering events for the right to transfer employment. Had the Legislature intended to establish transfer rights whenever a city or town creates its own police force, whether or not this action follows closely upon a new incorporation, the Legislature could have easily reworded RCW35.13.370 to so specify. The courts presume a difference in legislative intent when the Legislature uses specific language in one instance and dissimilar language in another. In re Personal Restraint of Sietz, 124 Wn.2d 645, 880 P.2d 34 (1994); United Parcel Service, Inc. v. State Department of Revenue, 102 Wn.2d 355, 687 P.2d 186 (1984).
Accordingly, we conclude that RCW 35.13.360 through .400 does not grant any transfer rights to county employees where a city incorporated before July 25, 1993, having formerly contracted with the county for law enforcement services, subsequently terminates the contract and creates its own police department. The 1993 statute applies only to annexations of territory occurring after its effective date, or to cities incorporated after that date which decide to create their own police agencies.
We trust the foregoing will be of assistance.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
Enclosure (AGO 1996 No. 4)