[No. 40863-1-I.   Division One.   July 6, 1998.]

*In the Matter of the Marriage of* BRENT RANDAL HAWTHORNE, *Appellant,* and ANGELA DARLENE HAWTHORNE, *Respondent.*

*Donald W. Ferrell*, for appellant.

*Stacy L. Smythe* and *Carlos M. Sosa III* of *Sosa Law Firm*, for respondent.

Agid, A.C.J. — Brent Hawthorne appeals the trial court's order granting Angela (Darlene) Hawthorne's motion to modify child support, arguing that the court improperly relied on RCW 26.19.080 in ordering reimbursement of daycare expenses his former wife overpaid. He also contends that the trial court erred in denying his request that Darlene contribute her share of allegedly uninsured medical and dental expenses. Because RCW 26.19.080 is remedial in nature, the trial court properly applied the amended statute retroactively. It also did not err in denying Brent's request for reimbursement of medical and dental expenses which he failed to submit to Darlene's insurance company. We therefore affirm.

## FACTS

Brent and Darlene Hawthorne were divorced in August 1988. Their only child, Jason, resides primarily with Brent. Under a modified child support order entered October 2, 1992, the court required Darlene to pay Brent child support, including her share of his daycare expenses, in the total amount of $407.02 per month from January 1, 1993. Shortly after the modification order was entered, Darlene's health care plan was transferred to MetLife. Darlene contends that she hand-delivered a new medical insurance card for Jason to Brent when she stopped by to pick him up. Brent contends that he never received Jason's new health insurance card.

Brent remarried in November 1992. Brent's new wife, Belinda, began providing Jason's daycare in July 1993, looking after him along with her own two children. In October 1995, Darlene sought an adjustment modifying

child support to eliminate the daycare payment and to recoup daycare expenses for those months after July 1993 that she overpaid. On May 23, 1997, the trial court awarded Darlene $3,569.65 in reimbursement for overpaid daycare expenses, multiplying $101.99 per month by 35 months. The court denied Brent's request for contribution to the medical and dental expenses.

## DISCUSSION
## RCW 26.19.080

■ Brent contends that the trial court erred in retroactively applying the amended version of RCW 26.19.080 before its effective date of June 6, 1996.[1] Courts generally presume that statutes apply prospectively unless the Legislature expresses a contrary intent.[2] There is an exception for remedial statutes where retroactive application

---

[1]RCW 26.19.080(3) was amended to add the sentences highlighted below:

Daycare and special child rearing expenses, such as tuition and long-distance transportation costs to and from the parents for visitation purposes, are not included in the economic table. These expenses shall be shared by the parents in the same proportion as the basic child support obligation. *If an obligor pays court or administratively ordered daycare or special child rearing expenses that are not actually incurred, the obligee must reimburse the obligor for the overpayment if the overpayment amounts to at least twenty percent of the obligor's annual daycare or special child rearing expenses. The obligor may institute an action in the superior court or file an application for an adjudicative hearing with the department of social and health services for reimbursement of daycare and special child rearing expense overpayments that amount to twenty percent or more of the obligor's annual daycare and special child rearing expenses. Any ordered overpayment reimbursement shall be applied first as an offset to child support arrearages of the obligor. If the obligor does not have child support arrearages, the reimbursement may be in the form of a direct reimbursement by the obligee or a credit against the obligor's future support payments. If the reimbursement is in the form of a credit against the obligor's future child support payments, the credit shall be spread equally over a twelve-month period. Absent agreement of the obligee, nothing in this section entitles an obligor to pay more than his or her proportionate share of daycare or other special child rearing expenses in advance and then deduct the overpayment from future support transfer payments.*

[2]*Washington Waste Sys., Inc. v. Clark County*, 115 Wn.2d 74, 78, 794 P.2d 508 (1990).

would further its remedial purpose.[3] A statute is remedial and has retroactive application when it relates to practice, procedure or remedies and does not affect a substantive or vested right.[4] This is because a party does not have a vested right to any particular form of procedure.[5] Courts may also apply a statute intended to clarify existing law retroactively.[6] Here, neither the amendment nor its legislative history expressly states that the Legislature intended that the amended version of the statute be retroactive. But it does reflect that the Legislature regarded the amendment to RCW 26.19.080 as "a long overdue clarification of the law."[7] Because this is not an express statement of legislative intent, however, we also address the question whether the statute is remedial in nature.

■ Brent contends that the amendment to RCW 26.19.080 is not remedial because it "is patently apparent" that it creates a new substantive right for an obligor parent. But he cites to no case which stands for the proposition that there was no right to reimbursement for overpayment of a parent's contributory share of expenses under RCW 26.19.080(3) prior law. We recognize that, for public policy reasons, child support judgments are not treated in the same way as ordinary judgments. Thus, courts have refused to recognize an unconditional right of total recoupment of overpaid child support. But we have recognized that a limited right to reimbursement may exist under equitable common-law principles in certain circumstances.[8] Former RCW 26.19.080 contemplated that daycare and

---

[3]*Id.*

[4]*Johnston v. Beneficial Management Corp. of Am.*, 85 Wn.2d 637, 641, 538 P.2d 510 (1975).

[5]*Tellier v. Edwards*, 56 Wn.2d 652, 654, 354 P.2d 925 (1960).

[6]*See Magula v. Benton Franklin Title Co.*, 131 Wn.2d 171, 182, 930 P.2d 307 (1997).

[7]H.B. REP. HB 2559.

[8]*See, e.g., In re Marriage of Stern*, 68 Wn. App. 922, 932, 846 P.2d 1387 (1993). We reject counsel's position at oral argument that *In re Marriage of Capetillo*, 85 Wn. App. 311, 316, 932 P.2d 691, *review denied*, 132 Wn.2d 1011 (1997), stands

special child rearing expenses would be shared by the parents in the same proportion as the basic child support obligation.[9] Where those expenses were anticipated but not incurred, therefore, a potential right to reimbursement would have existed depending on the equities of the parties' situation. Because RCW 26.19.080, as amended, does not create a new right of action but merely clarifies the procedures the obligor may use to recoup payments made for daycare expenses which are not incurred, it is a remedial statute. The trial court could therefore apply it retroactively.

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

WEBSTER and ELLINGTON, JJ., concur.

---

for the proposition that no equitable remedy for child support overpayments exists under any circumstances. That case merely states that child support payments generally become vested judgments as the installments become due.

[9] *See In re Johnson-Skay*, 81 Wn. App. 202, 204, 913 P.2d 834 (1996) (the "basic child support obligation" of RCW 26.19.020 does not include the cost of daycare).