**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | No. 81291-2-I |
| | ) | |
| LYNN HOFSTATTER, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KENNETH STEWART III, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Kenneth Stewart appeals the superior court's denial of his motion for revision. He argues that the court erred in denying the motion because there is no statutory authority to award Lynn Hofstatter reimbursement of medical costs, and that the commissioner erred in awarding her attorney fees. We remand to the trial court to articulate a basis for the award of attorney fees. We otherwise affirm.

## FACTS

Stewart and Hofstatter[1] married and had two children, B.S. and K.S., together before dissolving the marriage in 2009. The court determined that B.S. and K.S. would

---

[1] Formerly Lynn Stewart.

Citations and pin cites are based on the Westlaw online version of the cited material.

reside with Hofstatter and that the children would have visitation with Stewart. The court ordered Stewart to pay Hofstatter $113.13 for each child in monthly child support, totaling $226.26. In addition, the court ordered Stewart to provide health and dental insurance for the children. The court reduced Stewart's child support payment by $59.06, which was Hofstatter's portion of the health care costs.

On January 2, 2019, Hofstatter filed a petition to modify the child support order, also seeking reimbursement of her overpayment of health care costs. The court increased Stewart's payment for K.S.[2] to $451.45 a month. The court denied Hofstatter's request for reimbursement without prejudice, but stated that Hofstatter may address this request through a motion on the family law motion's calendar.

Hofstatter requested proof of Stewart's payment of the insurance premiums. Hofstatter filed a motion to enforce and request reimbursement on November 4, 2019. Hofstatter contended that she overcompensated Stewart for health insurance because B.S. and K.S. had State health insurance, at no cost to Stewart, for 23 months. The commissioner ordered Stewart to reimburse Hofstatter $1,358.38 (her portion of the premiums for 23 months) and awarded her $1,000 in attorney fees. The commissioner found that the reimbursement of $1,358.38 was to be offset from any overpaid day care amount currently due to the Stewart, as set forth in the administrative order. Stewart sought revision of the commissioner's order. Hofstatter moved for reconsideration, citing that the Division of Child Support (DCS) will only apply the owed monthly child support towards any back amount owed for one year, and requested that Stewart pay her the $1,358.38 directly. The commissioner granted the motion. Stewart again

---

[2] The court did not order support for B.S. because she was already 18 years old.

moved for revision of the commissioner's rulings, alleging that the commissioner erred in interpreting RCW 26.19.080(3) as applying to the cost of health insurance and authorizing Hofstatter to seek payment from Stewart. The superior court denied the motion and adopted the commissioner's findings and conclusions. Stewart appeals.

ANALYSIS

A. Motion for Revision

Stewart argues that the court erred in denying his motion for revision of the commissioner's rulings, contending that Hofstatter has no basis to recover health care costs under RCW 26.19.180. We disagree.[3]

We review questions of statutory interpretation de novo. W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wn.2d 599, 607, 998 P.2d 884 (2000). A commissioner's rulings are subject to revision by the superior court. RCW 2.24.050. After the superior court makes a decision on review, the appeal is from the superior court decision, not that of the commissioner. State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004); Fairchild v. Davis, 148 Wn. App. 828, 831, 207 P.3d 449 (2009).

RCW 26.19.080 provides:

(2) Health care costs are not included in the economic table. Monthly health care costs shall be shared by the parents in the same proportion as the basic child support obligation. Health care costs shall include, but not be limited to, medical, dental, orthodontia, vision, chiropractic, mental health treatment, prescription medications, and other similar costs for care and treatment.

(3) Day care and special child rearing expenses, such as tuition and long-distance transportation costs to and from the parents for visitation

---

[3] Stewart devotes a significant portion of his argument to his overpayment of day care costs and its reimbursement. The order requiring reimbursement of child care is final and was not appealed. Any issue in regards to the day care repayment is not before this court.

purposes, are not included in the economic table. These expenses shall be shared by the parents in the same proportion as the basic child support obligation. If an obligor pays court or administratively ordered day care or special child rearing expenses that are not actually incurred, the obligee <u>must</u> reimburse the obligor for the overpayment if the overpayment amounts to at least twenty percent of the obligor's annual day care or special child rearing expenses.[4]

Stewart contends that RCW 26.19.080 does not provide a remedy for Hofstatter because the statute only provides for reimbursement of expenses not actually incurred under section 3 for day care and special child rearing expenses, and not under section 2 for healthcare costs. Stewart argues that because section 2 lacks a provision for seeking reimbursement, Hofstatter should have sought relief through a modification of child support.

While RCW 26.19.080(3) was amended in 1996, adding the mandatory requirement for reimbursement of child care expenses that were not actually incurred, this court has long recognized that a preexisting right to reimbursement of expenses that were not incurred may exist under equitable common law principles. See <u>In re Marriage of Hawthorne</u>, 91 Wn. App. 965, 968-69, 957 P.2d 1296 (1998) (holding that the amendment to RCW 26.19.080(3) was remedial and did not create a new substantive right, "but merely clarifies the procedures the obligor may use to recoup payments made for daycare expenses which are not incurred"); <u>see also</u> <u>In re Marriage of Barber</u>, 106 Wn. App. 390, 395, 23 P.3d 1106 (2001); <u>Fairchild</u>, 148 Wn. App. at 834. Although RCW 26.19.080(2) did not create a mandatory right to enforce overpayments of health care costs, the statute did not eliminate the trial court's inherent authority to

---

4 (Emphasis added.)

-4-

require reimbursement under equitable principles. Here, Hofstatter correctly argues that she should not have to pay for her portion of the medical premiums when Stewart did not incur any cost to provide the children with medical care. Because the court had inherent authority of order reimbursement, the court properly denied Stewart's motion for revision.

Stewart also contends that substantial evidence does not support the order for reimbursement. Hofstatter presented limited evidence from Stewart's own declaration that the children had State health insurance coverage for 23 months. Stewart does not dispute that the children were covered by State health insurance during the applicable time period, and he did not present additional evidence to the contrary. Therefore, substantial evidence supports the commissioner's findings that the superior court subsequently adopted.

### B. Attorney Fees

Stewart contends that the trial court erred by upholding the award of attorney fees to Hofstatter. We review an award of attorney fees for an abuse of discretion. Herman v. Herman, 42 Wn. App. 6, 9, 707 P.2d 1374 (1985). Attorney fees must be authorized by statute, by agreement of the parties, or upon a recognized equitable ground. In re Matter of Marriage of Greenlee, 65 Wn. App. 703, 707, 829 P.2d 1120 (1992). RCW 26.09.140 gives the trial court discretion to award attorney fees after considering the financial resources of both parties. "An important consideration apart from the relative abilities of the two spouses to pay is the extent to which one spouse's intransigence caused the spouse seeking the award to require additional legal services." State ex rel. Stout v. Stout, 89 Wn. App. 118, 127, 948 P.2d 851 (1997).

"When intransigence is established, the financial resources of the spouse seeking the award are irrelevant." <u>Greenlee</u>, 65 Wn. App. at 708.

The trial court, however, must provide sufficient findings of fact and conclusions of law regarding attorney fees to permit this court to review the basis for the award and the amount of the award. <u>SentinelC3, Inc. v. Hunt</u>, 181 Wn.2d 127, 144, 331 P.3d 40 (2014). Although fees are permitted when intransigence is established, the trial court did not enter a finding of intransigence or articulate another basis for the award of attorney fees to Hofstatter. <u>See</u> <u>Greenlee</u>, 65 Wn. App. at 708. The court also failed to provide a basis for the amount of the award. We therefore remand to the trial court to further explain its award of attorney fees.

C. <u>Attorney Fees on Appeal</u>

Both parties requested attorney fees on appeal and submitted financial declarations. We decline to award either party attorney fees.

Remanded for the trial court to explain its award of attorney fees. Otherwise affirmed.

_____
Mann, C.J.

WE CONCUR:

_____        _____
Coburn, J.                              Dwyer, J.